JOHN DEROIN, APPELLANT, v. HENRY S. JENNINGS, A. J. RITTER, DANIEL NEFF, AND OTHERS, APPELLEES.

1. **Evidence:** PROVING DEED A MORTGAGE. Evidence that a deed absolute in its terms was intended to be a mortgage, must be clear, consistent and satisfactory.

2. **Pleading:** PETITION : PARTIES. In a petition to redeem lands sold under a mortgage, it must appear affirmatively that the party claiming the equity of redemption was not made a defendant in the action foreclosing such mortgage.

APPEAL from Richardson county.

On the 13th day of September, A. D., 1866, one Joseph Deroin being seized in fee of certain tracts of land in Richardson county, conveyed the same to Henry S. Jennings, by a deed of warranty. Jennings afterwards conveyed portions of said land to the different defendants, and one tract thereof by mortgage to O. P. Mason, who sold and assigned the same to defendant Ritter. This mortgage was foreclosed in the district court, and at a sale of the premises in March, 1869, Ritter became the purchaser. Joseph Deroin died in 1867, and in March, 1869, John, his father, and heir at law, filed his petition to redeem said lands, setting forth the facts above stated, alleging that the conveyance to Jennings was intended as a mort-

gage security for services rendered by said Jennings as an attorney in defending Joseph Deroin upon a charge of murder, and praying for a reconveyance. The defendants, except Jennings, King, and Rosetta Deroin, filed separate answers denying the allegations of the petition. The tracts deeded to King and Rosetta Deroin, wife of John, as well as that deeded to Ankron were embraced in the tract covered by the Mason mortgage. Some of the defendants alleged that they bargained with Joseph for the purchase of their tracts, paying him therefor, deeds being made by Jennings, with his knowledge and consent. Others of the defendants alleged that they were innocent purchasers without notice. The evidence tended to prove the case made by all of these defendants, and there was also testimony that the mortgage to Mason was executed with Joseph Deroin's knowledge and consent for similar services as an attorney, and that the mortgage was *bona fide* sold and assigned to Ritter, without notice of any equities claimed by John Deroin. The court rendered a decree dismissing the petition and John Deroin thereupon appealed to this court.

*George P. Uhl*, for Appellant, set forth the general doctrine, that a deed, though absolute on its face, will in equity, be considered a mortgage, if such was the intention of the parties at the time of its execution. *Wilson v. Richards*, 1 *Neb.*, 342. *Villa v. Rodriguez*, 12 *Wall.*, 323. *Murray v. Walker*, 31 *New York*, 399. *Wilson v. Patrick*, 34 *Iowa*, 362. Referring to the evidence, Mr. Uhl claimed that all of the defendants had full and ample notice of the character and nature of the deed made by Joseph Deroin to Jennings, that it was a mere mortgage to secure the latter a reasonable attorney's fee, and that upon payment of such fee, Jennings or his assigns were bound to reconvey.

*E. W. Thomas* and *J. H. Broady*, for Appellees Ritter, Neff, and Ankron, admitting the general doctrine stated by appellant's counsel, contended that the evidence in such cases must be clear and positive, and the parties to the instrument must have treated it throughout as a mortgage and not as an absolute conveyance, and that from the evidence in this case, the Deroins were estopped ·from saying that the deed to Jennings was only a mortgage.

*Schoenheit & Towle*, argued the cause for Appellees Freel and Pruner, but filed no brief.

MAXWELL, J.

It is a well settled rule that a deed, though absolute on its face, may be shown by parol to be a mortgage, yet a court of equity will not declare such a deed a mortgage, unless the proof is clear, consistent, and satisfactory, that the object of the transaction was to create a security for the payment of money.

In this case Joseph Deroin conveyed to Jennings by a deed absolute in its terms, and Jennings, at Deroin's request, conveyed forty acres of the tract to Neff and Ritter. Jennings sold portions of the tract to Ankron, Pruner, and Freel, all of whom have answered, denying notice and claiming that they are innocent purchasers for a valuable consideration, and we think the proof fully sustains that view of the case. The judgment of the district court as to those defendants is therefore affirmed.

It is apparent that the deed made by Joseph Deroin to H. S. Jennings, although absolute in form, was intended as a mortgage to secure the payment of a reasonable attorney's fee for defending Deroin on the charge of murder, and that the legal title being in Jennings,

he, with Deroin's knowledge and consent executed a mortgage of a portion of the tract of land in dispute, to Mason to secure the payment of five hundred dollars. Mason testifies that he knew of the character of the transaction between Deroin and Jennings at the time he took the mortgage. The mortgage was sold to Ritter, who had no knowledge of the character of the transaction at the time of the purchase, but had full knowledge at the time he purchased under the decree of foreclosure. The principle is well established, that if a person who has notice, sells to another who has no notice and is a *bona fide* purchaser for a valuable consideration, he may protect his title, although it was affected with the equity arising from notice in the person from whom he derived it. *Story's Equity*, *Sec.*, 409. But we do not deem the question of notice material in this case. The petition does not allege that John Deroin was not made a party defendant in the suit to foreclose the mortgage, nor is there any proof tending to show that fact. We may perhaps infer that he was not a party, but that is not enough. This is an action brought to redeem the lands sold under the mortgage, and it must appear affirmatively that the plaintiff was not made a party defendant and is not bound by the decree. The law presumes that the proper parties were before the court, and the petition must negative that presumption. A reviewing court never presumes that an inferior tribunal has erred. The presumption is that it has not. Until the contrary is shown by record, every court is presumed to have acted and decided correctly. *Wagner v. Dickey*, 17 *Ohio*, 443. Therefore, the case made by the plaintiff entirely fails to show his right to redeem the land sold under the decree of foreclosure, and the judgment of the district court in that regard is affirmed.

H. S. Jennings, C. C. King, and Rosetta Deroin failed to answer the petition, and thereby admit the truth of

facts stated therein, so far as they may affect themselves. The court therefore erred in dismissing the case as to them, and the case is reversed, so far as it affects these parties in default, and remanded for further proceedings.

JUDGMENT ACCORDINGLY.

CHIEF JUSTICE LAKE, concurred. MR. JUSTICE GANTT, having tried the cause in the court below, did not sit.