Bedford v. Ruby.

HENRY BEDFORD, PLAINTIFF IN ERROR, v. HENRY RUBY, DEFENDANT IN ERROR.

1. **Jurisdiction:** PRESUMPTION. It is a rule of law that every presumption is in favor of the correctness of the decision of courts of general jurisdiction until the contrary is made affirmatively to appear. *Roehl v. Roehl*, 15 Neb., 655.

2. ———: STIPULATION TO SUBMIT CAUSE: PRACTICE. Where the district court has jurisdiction over the subject matter in dispute, and the parties by stipulation agree that the court shall finally decide all questions involved in the case and dispose of it upon its merits, such court will be held to have jurisdiction over the cause and the parties, and, in the absence of error being made to appear upon the record, the judgment will be upheld.

ERROR to the district court for Seward county. Heard below before SAVIDGE, J., sitting for NORVAL, J.

*C. L. Lewis* and *D. C. McKillip*, for plaintiff in error.

*R. S. Norval*, for defendant in error.

REESE, J.

The question involved in this cause was submitted to the district court upon a stipulation made by the parties by

which certain facts were agreed upon, and by which it was agreed that certain documentary evidence should be used upon the trial. A trial was had, and the district court, "after hearing the evidence and the argument of counsel," entered its finding of facts and of law and rendered its judgment.

It is now sought by proceedings in error to reverse the decision of the district court. There is no bill of exceptions in the record. Under the issues and stipulation the court could legally decide as it did, providing the evidence was sufficient to support the finding and judgment. It must be presumed it was. The presumptions are all in favor of the regularity of the proceedings of the district court. Error must affirmatively appear. *White v. Rooke*, 11 Neb., 519. *Roehl v. Roehl*, 15 Neb., 655. *Stevenson v. Anderson*, 12 Id., 86. *Deroin v. Jennings*, 4 Neb., 100. *Frey v. Drahos*, 7 Id., 197.

It is next urged that the district court erred in assuming jurisdiction over the subject matter of the controversy, especially so since the proceeding was had upon a mere motion. The parties very properly appeared before the court, and without the expense and vexation of a long course of litigation submitted the matter in dispute for the judicial determination of the court. The contention was between creditors over certain money which had been realized by the sheriff upon a sale of property on execution in favor of one, while at the same time the other claimed to have an attachment lien on the property. A part of the stipulation is as follows: "For the purpose of determining who is entitled to the proceeds of the sale of certain personal property sold on execution issued out of this court in the above entitled cause of Henry Ruby vs. Peter Hennegin, the following facts are agreed upon, and said district court, exercising its equitable powers, shall determine whether the said proceeds belong to and shall be paid over to said Henry Bedford, or whether such proceeds belong to and

shall be paid over to said Henry Ruby." Certain facts
are agreed upon, and it is agreed that certain evidence
shall be admitted, and the matter is thus submitted to the
court. It had jurisdiction over the subject matter. After
the stipulation was filed, if not before, it had jurisdiction
over the parties. No error appearing of record, the deci-
sion must stand. The order and decision of the district
court are affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.