HANNAH A. NELSON, APPELLANT, V. C. A. ATKINSON
ET AL., APPELLEES.

FILED SEPTEMBER 20, 1893.   No. 5102.

**Deeds as Mortgages.** Where a conveyance of property is shewn
by the contemporaneous written contract of the parties thereto,
to have been intended solely as security for the payment of
money, or as indemnity against liability, such conveyance as be-
tween said parties must be treated as, and in fact is, a mere
mortgage.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J.

*Richard Cunningham,* for appellant:

Where the evidence shows that an absolute deed is given
and intended as security, it should be considered a mort-
gage, and the right of redemption cannot be limited in time
or to a particular person. (*Wright v. Mahaffe,* 40 N. W.
Rep. [Ia.], 112; *Scudder v. Trenton Delaware Falls Co.,*
23 Am. Dec. [N. J.], 772; *Wilson v. Giddings,* 28 O. St.,
554; *Scott v. Mewhirter,* 49 Ia., 487; *Trucks v. Lindsey,*
18 Id., 504; *McHugh v. Smiley,* 17 Neb., 622; *Lipp v.
South Omaha Land Syndicate,* 24 Id., 692.)

*Atkinson & Doty,* contra.

RYAN, C.

Most of the necessary facts for a determination of this
controversy will sufficiently appear by the article of agree-
ment made November 12, 1888, which is as follows:

"Article of agreement, made this 12th day of Novem-
ber, 1888, by and between C. A. Atkinson and J. L. Doty,
parties of the first part, and H. A. Nelson, party of the
second part, witnesseth: Whereas said party of the second
part has employed said first parties as her attorneys to

40

bring, conduct, and prosecute on her behalf an action against Jasper L. Nelson and W. B. Howard; and whereas it is necessary in said action for said party of the second part to give a bond, and said first parties have agreed to go on said bond or secure some one to go on said bond; and whereas, in order to secure and indemnify said first parties against loss or damage by reason of the giving of said bond, and to secure to said first parties the payment of their fees in and about the bringing, conducting, and prosecuting of said action, the said H. A. Nelson has this day conveyed by warranty deed to said first parties the following described real estate, situated in Lancaster county, Nebraska, to-wit: Lot number one (1) and two (2), in block ten (10), in Yolande Place addition to the city of Lincoln:

"Now, therefore, the said H. A. Nelson hereby agrees to pay to said first parties their fees in said action, and also to pay all costs and damages that may be adjudged against her in said action, and to hold said first parties harmless from any and all damages by reason of the giving of said bond; and the said first parties hereby agree to and with the said second party that in case said second party shall, within one year from the date hereof, pay to the said first parties their fees in and about said action, and shall fully and completely release and have said first parties discharged from all liability on said bond within one year from the date hereof, then and in that case the said first parties hereby agree to convey to said second party the premises above described. In case said second party shall fail to pay said first parties and release and discharge them from all liability by reason of said bond within one year as aforesaid, then the said premises shall be and become the absolute property of said first parties, and they shall be released from all obligations to convey said premises to said H. A. Nelson."

This agreement was duly signed by the parties therein named as parties of the first and second part respectively.

The appellant, as plaintiff, filed in the district court of Lancaster county her amended petition, in which she prayed that an accounting might be had and a settlement between herself and the defendants, and that if anything should be found due from herself to the defendants, the amount thereof should be fixed by the court, and that she be allowed to pay the same, and that the above contract be adjudged to be a mortgage; and that on the payment of the amount which might be adjudged to be due to the defendants from said plaintiff, the said instrument be adjudged to be paid and satisfied and discharged of record, or that said property be reconveyed to said plaintiff, or that said decree of conveyance be decreed by the court, and for general equitable relief.

The contention of the appellees, that the instrument above set out was not a mortgage or mere security, was sustained by the district court, and plaintiff's petition was dismissed, in so far as a foreclosure was prayed. In the brief of appellees they state that the only question involved in this case to be determined by this court is this: "Was this contract, as appeared in the record, a conditional sale or a mortgage? If the conveyance merely secured a debt, it is a mortgage; if it extinguishes the debt, it is a sale, notwithstanding the reservation of the right to redeem." The agreement just quoted falls clearly within the first class referred to in the above definition. The indebtedness was not ascertained at the time the agreement was made. Indeed, for the most part, it was not yet in existence, and was never fixed until by stipulation between the parties, after the commencement of this action. The provisions of the contract were such that H. A. Nelson obligated herself to pay the fees of the first parties, pay all costs and damages adjudged against her, and to hold harmless the first parties from any and all damages by reason of the giving of the bond, and by the said agreement the appellees were bound, upon payment of their fees and upon being fully released

and discharged from all liability on the bond within a year from the date of the agreement, to reconvey to said second party the premises described. In case Mrs. Nelson failed to pay said appellees and release and discharge them from all liability by reason of said bond within the time fixed, the premises were to become the absolute property of the appellees, and thereby they were released from all obligations to reconvey the premises to Mrs. Nelson. No argument or amplification could make it more clear than a simple consideration of the above stipulation, that there was no element of a conditional sale in this contract. While not in the exact language or form of the ordinary mortgage, the provisions, in effect, are just such as we generally find to be in such an instrument. It follows that the judgment of the district court holding otherwise was wrong, and it is therefore

REVERSED.

THE other commissioners concur.