MARY RILEY, APPELLEE, v. CLARENCE E. STARR ET AL.,
APPELLANTS.

FILED MAY 6, 1896.   No. 6528.

1. Deeds as Mortgages. The true test in determining whether a con-
   veyance absolute in form should be treated as a sale or as a
   mortgage is whether the relation of the parties toward each other
   as debtor and creditor continues. If it does so continue, the
   transaction will be treated as a mortgage and the conveyance as
   a security only.

2. ———: EVIDENCE. Evidence examined, and *held* to sustain the find-
   ing that a conveyance absolute in form was intended as a security
   only.

APPEAL from the district court of Douglas county.
Heard below before WALTON, J.

*Wharton & Baird,* for appellants.

*Mahoney & Smyth, contra.*

POST, C. J.

This is an appeal from a decree of the district court for
Douglas county, whereby a deed absolute in form, exe-

cuted by the appellee, Mary Riley, to Clarence E. Starr, agent and manager of the Central Loan & Trust Company, was declared to be in equity a mortgage merely, requiring a reconveyance upon a finding that the debt thereby secured had been paid and satisfied from the sale of a portion of the property conveyed, and awarding judgment in favor of the appellee for the proceeds of the property so sold, less the amount of the debt secured.

The questions presented for determination will be readily understood without a statement in detail of the issue made by the pleadings, or of the facts disclosed by the record. It should, in justice to counsel for appellant, be observed that they concede the power of courts of equity to award proper relief against conveyances absolute in form, when intended as security only; but they deny the application of that rule to the facts of the case at bar, on the ground, as claimed, that the deed in question was given, not as security, but in satisfaction of the indebtedness due from the appellee; that the agreement to reconvey was a mere condition subsequent operating upon an estate already vested, and in no sense a defeasance essential to characterize the transaction as a mortgage. There is no doubt that the law recognizes a distinction between a deed intended as security only and one with a covenant to reconvey upon condition; but the failure of the courts to always observe such distinction has led to some confusion and apparent conflict of decision upon the subject. A safe and perhaps the most satisfactory test, in all such cases, is whether the relation of the parties to each other as debtor and creditor continues. If it does, the transaction will be treated as a mortgage, otherwise not (*Robinson v. Cropsey*, 2 Edw. Ch. [N. Y.], 138; *Wilson v. Giddings*, 28 O. St., 554; Jones, Mortgages, sec. 258); and if intended as a mortgage when executed, its character as such will not be changed by the mere effluence of time. (*Tower v. Fetz*, 26 Neb., 706; *Nelson v. Atkinson*, 37 Neb., 577; *Morrow v. Jones*, 41 Neb., 867; *State Bank of O'Neill v.*

*Mathews*, 45 Neb., 659.) According to the testimony of Bernard Riley, who represented the plaintiff throughout the transaction, the deed in question was delivered to Mr. Starr about the 15th day of June, 1892, at which time, and as a condition thereto, it was by the latter promised and agreed that the witness should have until September 1 to "fix it up," or to "pay the debt." True, the foregoing statement is denied by the witnesses for the appellants, and the finding of the court upon that issue is vigorously assailed as unsupported by the evidence; but whatever view we might entertain of that subject as an original proposition, it cannot be said that the finding is so clearly unsupported by the evidence as to warrant interference on our part. The rule which governs in all such cases has been so often asserted by this court as to render further discussion unnecessary.

DECREE AFFIRMED.