OSCAR SAMUELSON, APPELLEE, V. JOHN H. MICKEY ET AL., APPELLANTS.*

FILED MAY 17, 1905. No. 13,793.

1. **Deed as Mortgage.** The test whereby to determine whether a deed absolute on its face should be held to be a mortgage is whether the relation of the parties to each other as debtor and creditor continues. If it does, the transaction should be treated as a mortgage, otherwise not. *Riley v. Starr*, 48 Neb. 243.

2. **Evidence** examined, and *held* insufficient to sustain a finding that a deed absolute on its face was intended to operate as a mortgage.

APPEAL from the district court for Polk county: ARTHUR J. EVANS, JUDGE. *Reversed.*

*F. I. Foss, King & Bittner* and *R. D. Brown*, for appellants.

*E. E. Stanton, Mills & Mills* and *C. A. Robbins, contra.*

ALBERT, C.

This suit was brought by Oscar Samuelson, the appellee, to have a certain deed, absolute in form, given by himself and wife to John H. Mickey, one of the appellants, declared a mortgage, and a subsequent conveyance, also absolute in form, from said appellant to Arthur A. Smith, of the same premises, a mere assignment of said mortgage. The first deed was given on the 26th day of March, 1897.

_____

* Rehearing denied. See opinion, p. 856, *post*.

At that time the appellee was indebted to the Connecticut Mutual Life Insurance Company in the sum of $1,200; to Arthur A. Smith, $1,500; to a local bank, of which the said grantee was president, $75; and to Oscar A. Johnson, $700; and these several debts were secured by mortgages on the premises, which were liens thereon in the order stated. The first mortgage was past due, and the debt was drawing interest at 9 per cent. Default had been made in the payment of $120 interest on the second mortgage, which by the terms of said agreement made the whole amount due at the option of the holder. The third mortgage was also past due, and was drawing interest at the rate of 10 per cent. In addition to the foregoing, taxes levied against the premises amounting to $40 were past due and unpaid. The holder of the first mortgage was threatening foreclosure, and the appellee, being unable to renew or raise the money to discharge it, made the conveyance hereinbefore mentioned to avoid foreclosure.

It is not claimed by any of the parties to the suit that the conveyance to Mickey was intended to vest him with both the legal and beneficial title to the land. The testimony of the appellee is to the effect that at the time he made the conveyance it was understood and agreed that Johnson, the holder of the fourth mortgage should have a certain time in which to pay the prior mortgages, or a certain portion thereof, and assume the balance of the mortgage indebtedness, and, upon his doing so, Mickey should convey the land to him. He further testified that after the expiration of the time fixed for such payments, and after Johnson had failed to make them, he, the appellee, called on Mickey, who in these transactions also represented Smith, and told him of such failure, and that he would now take hold of the land himself, and that Mickey said: "All right, you are entitled to the land if anybody is." And from that time on it was fully understood between him and Mickey that upon the payment of the mortgage indebtedness the land was to be reconveyed to the appellee.

Mickey was the principal witness for the appellants, and his version of the transaction is substantially the same as that of the appellee, down to and including the terms upon which the land was to be conveyed to Johnson, and his failure to comply with such terms. But he testifies that it was further understood and agreed that, in case Johnson should fail to make such payments and assume the first and second mortgages, Smith, the second mortgagee, should take an assignment of the first mortgage, Johnson and the bank were to release their mortgages, and the land was to be conveyed to Smith in payment of the amount due on the first and second mortgages. The appellee in his testimony covering the terms on which the land was to be conveyed to Mickey makes no mention of a conveyance to Smith. But he was again called to the stand after Mickey had testified and after he had been fully apprised of the appellant's claim in that behalf, and made no denial of Mickey's testimony on that point, nor was he interrogated with reference to it. Besides, shortly after the conveyance to Mickey, Smith took the assignment of the first mortgage, released it as well as the second mortgage, and returned the papers to the appellee, who took and retained them without protest or objection. Furthermore, after Mickey had conveyed the land to Smith, the appellee took and held the premises under a written lease from Smith's administratrix. From these circumstances it seems to us the only reasonable inference is that at the time of the conveyance it was understood and agreed that Mickey was to convey to Johnson, in case Johnson brought himself within the terms of the agreement, and that upon the failure of Johnson to do so Mickey was to convey to Smith, in payment of the first and second mortgages, and that the land was conveyed to Smith in pursuance of that agreement. By the terms of the agreement upon which the land was conveyed to Mickey, the conveyance to Smith was clearly not intended as security, but as a payment.

But the appellee lays great stress upon an alleged agreement between himself and Mickey, the latter acting for

Smith, and entered into after Johnson's default, that the appellee should be permitted to redeem. Conceding the validity of such agreement, if made, the evidence is insufficient to show that it was ever made. The appellee testifies to it, and, according to his testimony, it was made some months before Mickey conveyed to Smith. Although the appellee had knowledge of this conveyance, we fail to find that it excited any inquiry or provoked any protest on his part. Mickey in positive terms denies that any such agreement was made, and as positively affirms that the conveyance to Smith was intended by all parties concerned as payment of the first and second mortgage debts, and not as security for them. His testimony on this point is so strongly corroborated by appellee's silent acquiescence in the conveyance to Smith, his acceptance and retention of the evidences of the payment of the mortgage debts, and his holding the land as tenant of Smith's administratrix, that it should be taken as true on a trial *de novo* in this court. The rule in this class of cases is stated by Post, C. J., with his usual clearness and brevity in *Riley v. Starr*, 48 Neb. 243:

"A safe and perhaps the most satisfactory test, in all such cases, is whether the relation of the parties to each other as debtor and creditor continues. If it does, the transaction will be treated as a mortgage, otherwise not." Citing *Robinson v. Cropsey*, 2 Edw. Ch. (N. Y.) 138; *Wilson v. Giddings*, 28 Ohio St. 554; 1 Jones, Mortgages (6th ed.), sec. 258.

From the facts and circumstances shown in evidence it is clear to us that the transaction was intended to terminate the relation of the parties as debtor and creditor, and that it did end it. The finding of the trial court to the contrary is so clearly against the weight of evidence that it should not stand.

It is therefore recommended that the decree of the district court be reversed and the cause remanded for further proceedings accordingly to law.

Duffie and Jackson, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.

The following opinion on motion for rehearing was filed January 3, 1906. *Motion denied:*

Deed: ACTION TO REDEEM. Where a tract of land has been conveyed by a deed absolute in form to satisfy and pay the mortgage liens existing thereon, a subsequent parol promise to reconvey it to the grantor, without any consideration to support it, will not sustain an action to declare the deed a mortgage and redeem from the liens which have been canceled and treated as paid.

BARNES, J.

This case is again before us on a motion for a rehearing, and after oral argument we are of the opinion that our former judgment should be adhered to.

Our former opinion, written by Mr. Commissioner ALBERT, and reported *ante,* p. 852, contains a full and accurate statement of the facts, and no other or further statement is required. In addition to what is there said, it is proper to quote the evidence of the plaintiff as to what the agreement was, and what took place between himself and the defendant Mickey at the time the deed was executed, which is as follows: "Well, John H. Mickey asked me if I would deed the land to him, and I told him I would deed it in one way; Oscar Johnson, the man I bought it of, should have a right to get a deed of the land if he wanted it, so as to pay all my debts against the land. If I deeded him the land it would save foreclosure on the land, and be the most saved by it. I said I would do that one way, so Johnson would get the land, and that would pay all my debts against the land." It cannot be seriously contended that such an agreement would amount to a defeasance, and convert a deed absolute in form into a mortgage. It seems clear that the land was deeded

to Mickey in payment of the debts secured by the mortgages thereon, and the subsequent conduct of the parties fully confirms that view of the case.

It is claimed, however, that when Johnson failed to pay off the mortgages, Mickey agreed to convey the land to the plaintiff. The burden of proof was on him to establish that fact, and thus convert the deed into a mortgage. The plaintiff testified that such an agreement was made, but that fact was strenuously denied by Mickey. There are some things in the record which corroborate the plaintiff, while on the other hand Mickey's testimony is fully corroborated by the manner in which all parties afterwards treated the matter. So it may be said that the evidence on that question is sufficient to support the finding of the district court. However, there is no evidence in the record showing any consideration for the alleged promise, and if it may be said that such a contract may rest in parol, there must be a consideration to support it. Without such a consideration it would possess no binding force whatever. The want of consideration for the alleged promise is fatal to the plaintiff's right to recover in this action, and our former conclusion must be adhered to.

The motion for a rehearing is therefore overruled, and the former judgment remanding the cause for further proceedings is modified, and the same is remanded, with directions to dismiss the action.

JUDGMENT ACCORDINGLY.