MARY BUTLER, APPELLEE, v. OSCAR PETERSON ET AL., APPELLANTS.*

FILED JULY 12, 1907.   No. 14,932.

Quieting Title: ACCOUNTING. Upon the facts disclosed by the record, the title to the lands in controversy is found to be in the plaintiff, but it seems that the defendant is entitled to an accounting for taxes and mortgage liens discharged by himself and his immediate grantor, and to be subrogated therefor.

APPEAL from the district court for Rock county: JAMES J. HARRINGTON, JUDGE. Reversed in part.

J. A. Douglas, for appellants.

W. R. Butler and M. F. Harrington, contra.

AMES, C.

This is an action both by petition and cross-petition to determine and quiet title and possession in a tract of land. The facts so far as they are disclosed by the record are not in dispute. The common source of title or alleged title is one H. N. McKee, who on May 16, 1890, executed and de-

*Rehearing allowed. See opinion, p, 715, post.

livered to one Edgeworth a warranty deed of the premises for an expressed consideration of $8,000, but the name of a grantee was intentionally omitted from the instrument, which was intended as security for a loan of money then made or thereafter to be procured. Four days afterwards Edgeworth inserted his own name as grantee and caused the deed to be filed for record with the register of deeds. In May, 1891, Edgeworth died. Afterwards a paper, purporting to be a deed of the land from Edgeworth to one Allen, and executed and acknowledged October 3, 1891, was filed for record. This latter deed is therefore presumably a forgery. There is nothing in the record to rebut this presumption, against which counsel claiming thereunder does not contend. Afterwards Allen conveyed to one Baxter, and Baxter to the defendant Peterson. Both Baxter and Peterson seem to have relied in good faith upon the record title. Peterson has been in possession several years, paying taxes on the premises, and his grantor, Baxter, in good faith paid off and discharged a mortgage thereon executed by McKee. In September, 1905, some 15 years after the date of the Edgeworth deed and three years after that of the deed to the defendant, McKee conveyed the premises to the plaintiff. Until within a few months before the execution of this last mentioned deed, McKee was ignorant that his deed to Edgeworth had been completed by the insertion of the name of a grantee or had been filed for record. This state of facts establishes the title in the plaintiff beyond controversy, and the trial court so found and rendered a decree accordingly, from which the defendant appealed.

The petition prayed an accounting of rents, issues and profits, which the trial court ignored. The defendant, relying upon the chain of conveyances apparent upon the public record, insisted upon his title only. He now desires to be subrogated to the mortgage debt discharged by his immediate grantor. We think the claim is not inequitable, if upon further investigation the evidence warrants it, and we recommend that the cause be remanded, with

leave to the parties to amend their pleadings in this respect, and with instructions to the district court to take and state an account of rents and profits and of liens paid by defendants, and adjudged subrogation therefor, and in other respects that the judgment be affirmed.

JACKSON and CALKINS, CC., concur.

By the Court: This cause is remanded, with leave to the parties to amend their pleadings with respect to taxes and mortgage liens upon the premises in controversy discharged by the defendant or his immediate grantor, and with instructions to the district court to take and state an account between the parties, and adjudge subrogation therefor. In other respects the judgment is affirmed.

JUDGMENT ACCORDINGLY.

The following opinion on rehearing was filed May 7, 1908. *Former judgment vacated and judgment of district court reversed with directions:·*

1. **Deeds:** ALTERATIONS. Evidence examined, and found insufficient to support a finding that the name of a grantee was inserted without authority in a deed regular upon its face, and that the same was intended as a mortgage.

2. **Quieting Title:** LACHES. An unexcused delay of 14 years during which a party has exercised no act of ownership over land should preclude him from maintaining an action to quiet title in himself, on the ground that a deed, regular in form and duly recorded, was executed by him in blank and the name of the grantee inserted without authority, and that the same was intended as a mortgage.

CALKINS, C.

It appears by the record in the office of the register of deeds of Rock county that in December, 1889, one H. N. McKee was the owner of the two tracts of land in controversy; that on May 16, 1890, he conveyed the premises to one A. J. Edgeworth; that Edgeworth in October, 1891, conveyed to one H. A. Allen; and that Allen in 1895 con-

veyed to one Hugh Baxter, who afterwards deeded the premises to the defendant Oscar Peterson, who since that time has been in possession of the same. In October, 1905, McKee made a deed conveying this land to the plaintiff, who brought this action, alleging that the defendant had gone into possession under the deed from Baxter. It was charged that this constituted a cloud upon plaintiff's title. The defendant had paid certain taxes, which the plaintiff offered to reimburse, and prayed that the title be quieted in her. It was not contended that McKee did not in fact execute the deed appearing in the record as a conveyance to Edgeworth; but it was claimed that, when this deed was executed, the name of the grantee was left blank, and that in such form the deed was delivered to one Williams as security for a debt; that Edgeworth procured the deed from Williams, and without authority inserted his name as grantee, and caused the deed to be recorded. The genuineness of the deed from Edgeworth to Allen was questioned, it being claimed that Edgeworth died six months before the date of the execution thereof. On the trial in the district court there was a finding for the plaintiff, and a judgment quieting the title in and awarding possession to her, from which the defendant appealed to this court. The case was first disposed of in an opinion by Ames, C., *ante,* p. 713, which recommended the cause to be remanded with leave to parties to amend their pleadings with respect to taxes and the mortgage liens upon the premises in controversy discharged by the defendant or his immediate grantor, and with instruction to the district court to take and state an account between the parties, and adjudge subrogation therefor, and affirming the judgment in other respects. Both plaintiff and defendant filed motions for rehearing, the former on the ground that there was no fact shown by the record that would entitle the plaintiff to be subrogated to the lien of the mortgage and taxes paid by his grantor, and the latter on the ground, first, that the evidence was insufficient to support a finding that the deed executed by the former owner was not in fact what it

purported to be, but a mortgage; and, second, that the delay in bringing the action constituted such laches as should preclude the plaintiff's right to a recovery. A rehearing having been granted, the case has again been argued and submitted.

1. The claim that the deed from McKee to Edgeworth, made and recorded in 1890, was other than what it appears, or was by the parties intended as a mortgage, depends upon the testimony of McKee, which was taken by deposition. This witness states that he was in 1890 the owner of a large number of tracts of land in different counties in western Nebraska and Kansas. He says that this deed to Edgeworth was made out in blank and delivered to one Williams as security for a loan made by Williams to him, and that Williams delivered the deed to Edgeworth. He further states that he demanded a return of the deed from both Williams and Edgeworth, who promised but failed to redeliver the same. This was in the year 1890, and nothing further appears to have been done by McKee toward securing a return of the deed. Neither did he take any steps to ascertain the amount of, nor to pay, the taxes assessed against the land, nor in any manner bestow any care upon nor exercise any dominion over the same. He states that he had no record of the description of the land; that he did not know it personally; and that he was only able to identify the same in his testimony from information received from the plaintiff's agent concerning the condition of the record title. As to the transaction between himself and Williams and Edgeworth, his testimony seems to us nebulous and uncertain. He does not give the first name of the man Williams, nor any clue by which his identity could be ascertained. He does not state the circumstances of the loan with any degree of particularity. We are left in doubt as to its amount and date, and are unable to gather from the testimony when and how it was paid, if in fact it ever was liquidated. The statement of the witness in reference to this and other deeds is: "They were held and made out in

blank. I put them up for a loan from a man named Williams." The witness does not give us the facts and circumstances from which we can determine whether the delivery of this deed was intended by the parties thereto as a conveyance or as a mortgage; in other words, he testifies to a conclusion. Against the correctness of that conclusion there is the evidence of the deed itself, and the fact that the witness for 14 years wholly failed to exercise any act of ownership, or to in any way assert the right or perform the duties of an owner of the land. To vary the legal import of an absolute deed the testimony must be clear, certain and conclusive. *Deroin v. Jennings,* 4 Neb. 97; *Schade & Schade v. Bessinger,* 3 Neb. 140; *Stall v. Jones,* 47 Neb. 706. The latter case was by this court reversed and dismissed because the testimony was not sufficiently clear and convincing, although it seems to us from the statement in the opinion that it was much more credible than that of McKee. Where the witnesses testify orally, giving the trial judge opportunity to observe their demeanor, consideration is properly accorded to his finding; but in this case the testimony of McKee was taken by deposition, and came before the trial court in the same manner in which it appears before us. It is not only neither clear nor convincing, but it fails to establish by a preponderance of the evidence the fact claimed.

2. It is hardly necessary to say that the plaintiff has no greater rights than could have been asserted by Mr. McKee if he, instead of conveying to her, had brought the action himself at the time it was instituted by the plaintiff. It is one of the maxims of equity that "equity aids the vigilant, not those who slumber on their rights"; and out of this maxim grows what is commonly called the doctrine of laches. "The scope and effect of the general principle as a rule for the administration of reliefs irrespective of any statutory limitations was stated by an eminent English chancellor in the following language: 'A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands,

where the party has slept upon his rights, and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith, *and reasonable diligence.*'" 1 Pomeroy, Equity Jurisprudence (3d ed.), sec. 419. Some 14 years elapsed between the delivery by McKee of the deed which placed the apparent record title in Edgeworth and the bringing of this action. No excuse of any kind is suggested for this delay. The plaintiff seeks to avoid the effect of this by attacking an intermediate conveyance, that of Baxter to the defendant; but Baxter's title or color of title was derived from the original deed made by McKee. Without that deed the record would not have shown the title in Baxter, and the defendant would not have been induced to invest his money in the land upon the strength of such record. Granting that the deed from Edgeworth was a forgery, such forgery could not have harmed the defendant but for the deed to Edgeworth, and this action must be tried as one to remove the cloud created by that deed. We think that an unexecuted delay of 14 years, during which a party has exercised no act of ownership over land, should preclude him from maintaining an action to quiet title, on the ground that a deed appearing in the record was executed by him in blank and the name of the grantee inserted without authority, or that the same was intended as a mortgage.

We therefore recommend that the former judgment of this court be set aside, the judgment of the district court reversed, and the cause remanded, with instructions to dismiss the plaintiff's petition.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is set aside, the judgment of the district court reversed, and the cause remanded, with instructions to dismiss plaintiff's petition.

JUDGMENT ACCORDINGLY.