ARLA CATTLE COMPANY, A CORPORATION, ET AL., APPELLANTS, v. REUBEN E. KNIGHT ET AL., APPELLEES.

118 N. W. 2d 1

Filed November 16, 1962. No. 35269.

Wade H. Ellis, Charles A. Fisher, and Charles F. Fisher, for appellants.

Reddish, Fiebig & Curtiss, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action in equity by the Arla Cattle Company, a corporation, and Charles E. Murphy, plaintiffs, against Reuben E. Knight and Florence Knight, husband and wife; F. M. Knight, deceased; the Estate of F. M. Knight, deceased; Edward M. Knight and Ruth Knight, husband and wife; and Edward J. Bignell and Jeannine M. Bignell, husband and wife, defendants. The purpose of the action was for an accounting; that a warranty deed dated April 7, 1933, an affidavit, a warranty deed dated December 3, 1960, and a warranty deed dated

January 2, 1958, be decreed to be satisfied and constitute a mortgage in favor of the defendants and against the plaintiffs; that the amount due, if any, at the date of decree be ordered paid by the plaintiffs to the defendants, after deducting all sums paid by the plaintiffs on leases to the defendants, less sums received by the defendants from sales of parcels of the land involved to others, and all sums received by the defendants from oil and gas leases, the defendants to be credited for all sums paid by them for real estate taxes; that the defendants, and each of them, be required to reconvey the real estate to the plaintiffs; and that the title of the plaintiffs in and to the real estate be quieted against any and all claims by or on behalf of any of the defendants and all persons claiming by, through, and under them.

The defendants Reuben E. Knight, Florence Knight, Edward M. Knight, and Ruth Knight filed a motion for summary judgment, without filing an answer to the plaintiff's petition as amended.

The defendants Edward J. Bignell and Jeannine M. Bignell filed an answer and cross-petition to the plaintiffs' petition, and filed a motion for summary judgment.

The trial court sustained the motion for summary judgment filed by the defendants Reuben E. Knight, Florence Knight, Edward M. Knight, and Ruth Knight; sustained the motion for summary judgment filed by the defendants Edward J. Bignell and Jeannine M. Bignell; and dismissed the plaintiffs' petition as amended, with prejudice.

The plaintiffs filed a motion for new trial which the trial court overruled. The plaintiffs appealed from the order overruling the motion for new trial.

There is no bill of exceptions in this case.

"In the absence of a bill of exceptions it is presumed that an issue of fact presented by the pleadings was established by the evidence, that it was correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment."

State ex rel. Line v. Kuhlman, 167 Neb. 674, 94 N. W. 2d 373. See, also, Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137.

In Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894, the court said: "In Darlington v. State, 153 Neb. 274, 44 N. W. 2d 468, it is said: 'It has long been a mandatory requirement in this jurisdiction * * * that affidavits used as evidence on the hearing or trial of any issue of fact must have been, as a prerequisite to examination of them in this court, identified and offered in evidence in the trial court and embodied in a bill of exceptions.' See, also, State ex rel. Nebraska State Bar Assn. v. Pinkett, 157 Neb. 509, 60 N. W. 2d 641; Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213."

This court on appeal will consider only those assignments of error which are argued in the brief of the appellant. See Rule 8a 2 (4), Revised Rules of the Supreme Court of the State of Nebraska, 1960.

The plaintiffs set forth a number of assignments of error. However, the plaintiffs concede that the court is here asked to decide only one real question, the question of whether there is any genuine issue as to any material fact involved. The only assignment of error discussed, therefore, is whether or not there is any genuine issue as to any material fact involved. We shall consider this as the question to be answered in the instant case.

The plaintiffs contend that the motion for summary judgment of the defendants Reuben E. Knight, Florence Knight, Edward M. Knight, and Ruth Knight, filed before pleading responsively to plaintiffs' petition, was filed prematurely; that the defendants Knight have not filed their answer to the plaintiffs' petition and amended petition; and that the said motion of the defendants Knight is out of order and contrary to law.

Section 25-1331, R. R. S. 1943, provides: "A party against whom a claim, counterclaim, or cross-claim is

asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." See, also, Rule 56(b), Federal Rules of Civil Procedure.

A leading authority on the federal rules states: "* * * the proposition is well settled that a defending party may move for summary judgment prior to the service of a responsive pleading." 6 Moore's Federal Practice (2nd ed.), § 56.08, p. 2049. See, also, cases cited in footnote 7, 6 Moore's Federal Practice (2nd ed.), § 56.08, p. 2047.

The fact that the defendants Knight had not filed a responsive pleading does not make their motion for summary judgment premature, and such motion was timely filed. The plaintiffs' contention in this respect is without merit.

In Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643, the court said: "In order to obtain a summary judgment the movant must show, first, that there is no genuine issue as to any material fact in the case, and second, that he is entitled to a judgment as a matter of law." See, also, Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

In Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244, the court said that the issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined.

"The Summary Judgments Act authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and that no genuine issue remains for trial." State v. Kidder, 173 Neb. 130, 112 N. W. 2d 759.

With the foregoing authorities in mind, we now come to the pleadings in this case.

The plaintiffs' petition as amended alleged in substance that this action was brought by the Arla Cattle

Company, a corporation organized and existing under the laws of Nebraska with its principal·offices in Alliance, Nebraska, by and through its president, Charles E. Murphy, and by Charles E. Murphy individually; that the plaintiffs have been the owners and at all times have been in possession of certain lands which are described in the petition, comprising 4,542.81 acres of which 1,002.81 acres are in Morrill County and 3,540 acres are in Box Butte County; that on or about April 7, 1933, Charles E. Murphy and Martha E. Murphy, his wife, now deceased, being financially embarrassed, were indebted to and did make and execute to F. M. Knight, a loaner of money, a warranty deed for the stated consideration of $61,037.44, being the principal and interest on a promissory note claimed due from Charles E. Murphy and Martha E. Murphy to F. M. Knight, now deceased, and predecessor and heirs herein to Reuben E. Knight and Edward M. Knight; that said warranty deed was intended to be, and was in truth and in fact, a mortgage from Charles E. Murphy and Martha E. Murphy to F. M. Knight, deceased, for the sum of $61,037.44, was not to be recorded, and was to be returned to Charles E. Murphy and Martha E. Murphy upon their tendering payment of the sum of $61,037.44 to F. M. Knight or his heirs or successors in interest; that as further evidence of such facts and the good faith of Charles E. Murphy and Martha E. Murphy, F. M. Knight made and executed a lease dated April 8, 1933, for 5 years for the aforesaid premises to Charles E. Murphy in a total consideration of $10,000, with payments of $2,000 due on November 1, 1933,·and $1,000 due on May 1, 1934, etc.; that on April 8, 1933, there was, in addition to the instruments heretofore referred to, made and executed by Charles E. Murphy and Martha E. Murphy, at the special request of F. M. Knight, an affidavit for and on behalf of F. M. Knight in an effort by F. M. Knight to show that he had purchased the land described herein, when in truth and in fact said warranty deed, the lease, and the

affidavit were all only extensions and renewals of the note and mortgage due from Charles E. Murphy and Martha E. Murphy to F. M. Knight; that since said purported warranty deed, lease, and the affidavit, the plaintiffs, Charles E. Murphy and the Arla Cattle Company, a corporation, have been in continuous possession of the aforesaid real estate under leases executed by F. M. Knight or his heirs and successors in interest herein, Reuben E. Knight or Edward M. Knight, and have paid certain sums as interest and taxes to the defendants, which are set out in the petition; that the defendants, F. M. Knight, Reuben E. Knight, or Edward M. Knight, or some of them, have received unknown sums believed to be in excess of $6,100 from the Superior Oil Company as a bonus and oil rentals for said lands for the years from August 19, 1949, through 1959; that all of said sums received by the defendants from the City of Alliance, Edward J. Bignell, and Jeannine M. Bignell, and for oil and gas lease bonus or rentals, except taxes paid by the defendants, should be applied on the indebtedness, if any, of $61,037.44 due from the plaintiffs to the defendants; that Edward M. Knight and Ruth Knight, his wife, by warranty deed dated January 2, 1958, conveyed all of their right, title, and interest in and to the aforesaid lands to Reuben E. Knight, which warranty deed was filed of record on February 1, 1958, but which warranty deed reserved to Edward M. Knight one-half of all oil, gas, or other minerals, and that said warranty deeds are fraudulent and an attempt by the defendants Reuben E. Knight and Edward M. Knight to show that they are in truth and in fact the owners of said premises and had a right to convey said lands, when they knew or should have known that the plaintiffs, the Arla Cattle Company, Inc., Charles E. Murphy, and Martha E. Murphy, were in possession of and the owners of said real estate and entitled to all oil or delayed rentals of said oil leases; that the plaintiffs, the Arla Cattle Company, Inc., and Charles E. Murphy seek the removal

and reformation of the warranty deed dated April 7, 1933, the affidavit dated April 8, 1933, the warranty deed dated January 2, 1958, from Edward M. Knight and Ruth Knight to Reuben E. Knight, recorded on February 1, 1958, and the warranty deed dated December 3, 1960, from Reuben E. Knight and Florence Knight to Edward J. Bignell and Jeannine M. Bignell, his wife, recorded December 7, 1960; and that the plaintiffs are ready to pay whatever may be justly due to the defendants on said accounting, and offer to pay the same into court or to the defendants.

The deed from Charles E. Murphy and Martha E. Murphy, his wife, is a warranty deed conveying to F. M. Knight the lands in controversy. The deed contained the following recital: "This deed is an absolute conveyance of title in effect as well as in form, and is not intended as a mortgage, trust conveyance or security of any kind. The consideration therefor and for the payment of 1930 and 1931 tax by grantors is full release of all deeds, notes, obligations, costs and charges heretofore subsisting on account of and by the terms of that certain mortgage heretofore existing on the property herein conveyed, executed by Charles E. Murphy and Martha E. Murphy, husband and wife, to F. M. Knight and recorded in Book 48, Page 101, of the Mortgage records of Box Butte County, Nebraska, and in Book 27, Pages 269-270, of the Mortgage records of Morrill County, Nebraska, this conveyance and the payment of said taxes completely satisfying said obligation and terminating said mortgage and the notes or bonds secured thereby and any effect thereof in all respects."

The petition reflects that F. M. Knight is deceased, his death apparently occurring between May 1, 1939, and May 1, 1940, as the schedule of rentals reflects the lease of May 1, 1939, to May 1, 1940, with F. M. Knight as lessor, and the lease of May 1, 1940, to May 1, 1941, with F. M. Knight estate as lessor. The petition further

reflects that leases were executed covering periods from April 8, 1933, to May 1, 1961, with varying amounts of rentals; and that at some unstated date a tract was sold by F. M. Knight, Reuben E. Knight, or Edward M. Knight to the city of Alliance. The petition likewise reflects that F. M. Knight refused to execute a written option for the plaintiffs to repurchase the property as agreed, and from 1940, Charles E. Murphy discussed the settlement of his option to repurchase said real estate with Reuben E. Knight, and on other occasions tendered and offered to pay any sums due and owing.

The defendants Bignell denied all allegations contained in the plaintiffs' petition not expressly admitted, and alleged that they were bona fide purchasers for value of the premises described in their answer without notice of the claim of the plaintiffs, based upon purchase of real estate for valuable consideration; and that they procured and had an abstract of title examined which disclosed the absence of any recording which would provide actual or constructive notice of interest in the Morrill County land of any person other than Reuben E. Knight or Edward M. Knight. The defendants Bignell further alleged that at the time they purchased the said land they were informed of the existence of a lease between Reuben E. Knight as landlord and Charles E. Murphy personally, Charles E. Murphy as president of the Arla Cattle Company, Inc., and Richard D. Murphy as tenants, expiring May 1, 1961; and that there was absence of notice of any claimed interest of plaintiffs in the Morrill County land other than as tenants in possession.

These defendants pleaded the statute of limitations and adverse possession with knowledge by the plaintiffs, instruments appearing of record in Morrill County constituting constructive notice to the plaintiffs as follows: Mortgage, Charles E. Murphy and wife to F. M. Knight, dated June 11, 1928, recorded in the mortgage records, released by F. M. Knight April 7, 1933, and

filed for record in the mortgage records April 21, 1933; deed from Charles E. Murphy and wife to F. M. Knight, dated April 7, 1933, filed April 21, 1933, and recorded; recording of transcript of the will of Frank Millard Knight March 13, 1941, book 13, pages 437 to 440, miscellaneous records, and of certified copy of decree of distribution March 13, 1941, in book 13, pages 441 to 445, miscellaneous records; condemnation proceedings of the United States of America v. 27,819 Acres of land, recognizing title of Reuben E. Knight and Edward M. Knight to subject land, wherein order of court was filed June 17, 1943, and recorded in book 14, page 231, miscellaneous records; condemnation by the United States of America of 1.33 acres of land in Alt survey, Section 44, Township 23 North, Range 47 West, with decree of July 6, 1944, filed July 11, 1944, recorded in book 14, pages 472 and 473, miscellaneous records; and oil and gas lease by Reuben E. Knight and Edward M. Knight and their respective spouses, dated August 19, 1949, filed August 29, 1949, and recorded in book 17, page 223, miscellaneous records, together with the affidavit of Charles E. Murphy and his wife, dated April 8, 1933, recorded April 18, 1960, and the deed from Edward M. Knight and wife to Reuben E. Knight, dated January 2, 1958. These defendants prayed that the plaintiffs' petition be dismissed.

On the proposition raised by the plaintiffs in their petition as amended as to whether or not the deed conveying the property described in the petition to F. M. Knight on April 7, 1933, was an absolute conveyance of such real estate or in effect a mortgage thereon with the right of reconveyance to the plaintiffs upon the payment of the indebtedness heretofore stated to F. M. Knight, we deem the following to be applicable.

In Riley v. Starr, 48 Neb. 243, 67 N. W. 187, the court said: "A safe and perhaps the most satisfactory test, in all such cases, is whether the relation of the parties to each other as debtor and creditor continues. If it

does, the transaction will be treated as a mortgage, otherwise not * * *." Cases are cited. Campbell v. Ohio Nat. Life Ins. Co., 161 Neb. 653, 74 N. W. 2d 546, cites Riley v. Starr, *supra*, and Samuelson v. Mickey, 73 Neb. 852, 103 N. W. 671, on rehearing 73 Neb. 856, 106 N. W. 461, and other cases pronouncing the same rule with approval.

In O'Hanlon v. Barry, 87 Neb. 522, 127 N. W. 860, the court said: "We have repeatedly said that where it is sought to establish by parol that an absolute deed was only intended as a mortgage or given as security, the evidence must be clear, convincing and satisfactory. Deroin v. Jennings, 4 Neb. 97; Schade & Schade v. Bessinger, 3 Neb. 140; Stall v. Jones, 47 Neb. 706; Butler v. Peterson, 79 Neb. 715."

In Cox v. Young, 109 Neb. 472, 191 N. W. 647, quoting from Snoke v Beach, 105 Neb. 127, 179 N. W. 389, the court said: " 'The rule is also established in this state that, where it is sought to vary the effect of a deed absolute on its face by parol testimony so as to declare it to be a mortgage, the evidence must be clear, convincing, and satisfactory before a court is warranted in adjudging it to be a mortgage.' These propositions find support in Sanders v. Ayres, 63 Neb. 271, Kemp v. Small, 32 Neb. 318, and O'Hanlon v. Barry, 87 Neb. 522."

The plaintiffs' petition as amended reflects that there is no evidence whatsoever, let alone clear, convincing, or satisfactory evidence, to support the existence of any right to obtain a reconveyance of the real estate as set forth in the warranty deed given to F. M. Knight. The petition reflects that the debtor-creditor relationship terminated on April 8, 1933, and that the warranty deed or absolute conveyance was not intended as security for a debt.

The pleadings and exhibits appearing in the transcript clearly disclose that the relationship between the plaintiffs and the defendants was that of landlord and tenant.

A period of nearly 28 years elapsed before the plaintiffs

ever·made an attempt to set aside the warranty deed here involved and to have it declared to be a mortgage. Considering the pleadings, this action on the part of the plaintiffs clearly indicates a further reason as to why their contention lacks merit.

There are other reasons why the plaintiffs cannot prevail in this case which need not be determined or discussed.

In the state of the record before this court, we conclude that the defendants are entitled to a judgment as a matter of law, and the judgment of the trial court should be affirmed.

AFFIRMED.