# EDWARD ROBY

*v.*

# FRANKLIN D. COSSITT *et al.*

1. PLEADING—*what a demurrer admits.* A demurrer to a bill in equity only admits that which is well stated or pleaded, but it can not supply defects in substance, or aid that which is defectively set forth.

2. SAME—*rule for construing.* The rule of law is, that the allegations in a bill or other pleading shall be construed most strongly against the pleader.

3. SPECIFIC PERFORMANCE—*of contract made by an agent.* A bill for the specific performance of a contract of sale made by an agent, which fails to show that the person executing the same was the agent of the owner, duly authorized, either by any charge, or by the contract so far as it is set out, is bad on demurrer.

4. SAME—*bill must be filed in reasonable time, and show a readiness to perform.* Where a contract was made for the sale of land in February, 1867, for the sum of. $52,000, one-third of which was to be paid in hand, and the balance in two equal annual installments, with interest, and the purchaser paid only $500 down, and did not offer to make the several payments when due, and did not file his bill for specific performance until in July, 1873, when the property had greatly risen in value: *Held*, in the absence of any excuse being shown, that the delay in offering to perform, and in filing his bill, were such that equity could not aid him.

5. If a vendee desires to insist upon the performance of a contract of sale, he should tender the purchase money as the same falls due,.and show a readiness and willingness to perform on his part, and if the vendor refuses to comply, file his bill at once. He will not be allowed to lie still to speculate upon the chance of a rise in the property.

6. SAME—*unexplained delay in performing.* All contracts with reference to the sale of land, where time is not of the essence of the contract, must be performed or rescinded within a reasonable time, and if there has been any unusual delay that can not be explained consistently with good faith, equity will hesitate to enforce a specific performance.

7. SAME—*excuse for not performing.* The fact that a third party informed the purchaser of land that the owner desired to have the execution of the contract postponed until he could settle with other parties claiming to have contracts for the same property, does not relieve the vendee from the duty to tender performance of the contract, if he intends to insist upon its enforcement.

8. AGENCY—*whether a promise to perform is a ratification.* If one professing to act as the agent of A, makes a contract for the sale of land, an expression of willingness by the owner, to carry out its terms, can not be held a ratification of the contract. It is a mere promise to sell upon the same terms, and is not enforceable under the Statute of Frauds, unless reduced to writing and signed by the owner or some one by him lawfully authorized.

9. But if a person makes a written contract for the sale of land as the agent of the owner, although without authority, the owner may adopt it and make it his own, and the ratification will relate back to the act done.

10. PARTIES IN CHANCERY—*specific performance.* If A, as the agent of B, contracts to sell land belonging to C, where it is claimed that C after-

640        Roby *v.* Cossitt *et al.*        [Sept. T.

Opinion of the Court.

ward adopted the sale, B and the heirs of A, the agent, are improper parties to a bill to enforce specific performance against C, and if made parties, the bill will be bad on demurrer for that reason.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill in chancery, by Edward Roby against Franklin D. Cossitt and others, for the specific execution of a contract for the sale of lands made to one Elisha Nason, and by him assigned to the complainant. The opinion of the court contains a substantial statement of the material facts of the case. The court below sustained a demurrer to the bill and dismissed the same.

Mr. EDWARD ROBY, *pro se.*

Mr. LYMAN JACKSON, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Without reference to the question whether the construction complainant contends should be given to the Statute of Frauds, can be maintained, we think the bill was properly dismissed for the special causes set forth in the demurrer. The allegations of the bill are too indefinite and uncertain to warrant the relief sought under it.

The bill is for the specific performance of an alleged contract in relation to the sale of real estate. Upon information and belief, it is charged defendant Cossitt was the owner of the land involved in this litigation. It is also alleged, complainant was informed, one Whipple, who is also made a defendant, "claimed to have some interest in or title to said land, and represented to one Curtis C. Meserve, a land agent and broker in lands, that he was part owner in said property," but it is added he was unable to obtain information sufficient to form a belief whether Whipple was, in fact, interested in

the lands or the profits that might be obtained on the sale thereof, but that he was not vested with the legal title.

There is no pretense there was any memorandum in writing in relation to the sale of the land signed by Cossitt himself, but it is charged the contract was made by C. C. Meserve, since deceased, but whose widow and heirs are made defendants, and that the receipt or memorandum in relation thereto was signed by Meserve, as agent for the owner, and was "also signed by Whipple, or in his name, or under his authority."

The argument is, the facts alleged in the bill being admitted by demurrer, they establish in complainant a right to have the contract specifically performed in his favor. The general rule, however, is, the demurrer only admits that which is well stated or pleaded, but it can not supply defects in substance, or aid that which is defectively set forth. Nowhere in this bill can be found any clear, distinct and affirmative charge that Meserve was the agent of Cossitt for the sale of this land. So far as the contract is set out, it does not disclose that it was on his account the land was sold. Indeed, all the charges as to the ownership of the land, and the agency of Meserve, are vague and indistinct. Construing the allegations of the bill most strongly against the pleader, as the rule of law requires us to do, we may well understand it to be charged that Meserve was acting on behalf of Whipple in making the alleged contract. The contract, it is charged, was "signed by said Whipple, or in his name, or under his authority." It was Whipple who represented to Meserve he was part owner of the property. When it is charged that Meserve signed the contract on behalf of the owner, we may, with as much propriety, understand it was for Whipple as that it was for Cossitt.

Adopting the view, which we think we are warranted in doing, that, when Meserve was acting for the owner, and made a contract in relation to the sale of the property, he was the agent of Whipple, then there was no memorandum or note thereof in writing in relation to the sale of the lands

41—78TH ILL.

642  Roby v. Cossitt *et al.*  [Sept. T.

Opinion of the Court.

signed by Cossitt, or some other person thereunto by him lawfully authorized. This was indispensable to bind Cossitt.

Complainant's case is not at all aided by the fact, as charged, that Cossitt said, after the contract had been made, that he would convey the property to Nason, in pursuance thereof. The utmost that can be said of this promise is, that it was an agreement to sell the land to Nason on the same terms and upon the same conditions that Meserve had agreed to sell it to him when acting as the agent of Whipple. Still it was but a verbal agreement on the part of Cossitt, and no memorandum or note thereof in writing was signed by him or by any authorized agent. It was a mere verbal promise to sell his real property, and is not enforceable under the Statute of Frauds. Because Meserve may have made a contract on behalf of Whipple, who claimed to be a part owner, in relation to the sale of the lands, it does not follow that, because Cossitt may have expressed a willingness to sell his land upon the same terms, the contract made by Meserve was his contract, or made on his behalf. It is nowhere alleged the promise of Cossitt to comply with the contract made by Meserve in relation to the land was in writing, or that any memorandum or note thereof was signed by him, or by some other person thereunto lawfully authorized, and without it the promise was within the Statute of Frauds.

Had Meserve, in the first instance, assumed to act as the agent of Cossitt, although without authority, and made a contract on his behalf for the sale of the property, we entertain no doubt he could have adopted it and made it his own.  The ratification would have related back to the act done. But that is not the case made by this bill. As we have before stated, it is not distinctly charged that Meserve acted as the agent of Cossitt in making the contract he did in relation to the property, and we will not infer that he did. The affidavit of Meserve, made a part of the bill; if it can be considered on the demurrer, discloses most clearly that he made

the contract on behalf of Whipple under the belief he was the owner, and that it was not until some time afterward that parties told him that Cossitt was the owner of the property, and not Whipple, and that Cossitt wanted to see him about it.

But there is another view that is equally conclusive of the case. The alleged contract was made February 15, 1867, and this bill was not filed until July 14, 1873. The contract price was $52,000, one-third to be paid within forty days, and the balance in three equal annual payments, with eight per cent interest. Only $500 were paid to Meserve at the date of the contract.

Each installment of the purchase money had become due before this bill was filed. It is not claimed the vendee, or any one for him, paid any but the first installment of the purchase money. It is charged that $52,000 was a fair price for the property at the time of making the contract, but that it had since risen to be of the value of $240,000 when this suit was commenced.

No sufficient excuse is shown for the unusual delay in attempting to enforce a specific performance of the contract. The vendee has slept upon his rights, whatever they may have been, until equity will not interfere in his behalf. Had he intended to insist upon a performance of the agreement, he ought to have filed his bill within a reasonable time, and tendered the purchase money as the several installments matured. This he has not done. In fact, he has done nothing to show readiness and willingness to perform the contract on his part, nor that he had the ability to perform it. But a trifling sum was ever paid to the alleged agent, but complainant asks to obtain the advantage of the immense rise in the value of the property, without having himself performed or offered to perform the contract except in an unimportant part. Had he supposed he had a valid contract with the owner of the property, he ought to have tendered performance, and, if the owner refused to comply on his part, filed his bill at once.

After the property has quadrupled in value, equity will not permit him to come forward and have the value of the contract he has not himself offered, within any reasonable time, to perform.

All contracts with reference to the sale of land, where time is not of the essence of the contract, must be performed or rescinded within a reasonable time, and if there has been any unusual delay that can not be explained consistently with good faith, equity will hesitate to enforce a specific performance. What Meserve may have said about Cossitt desiring to have the execution of the agreement postponed until he could settle with other parties that claimed to have contracts for the same property, is not of the slightest consequence, and did not relieve the vendee from the duty to tender performance of the contract, if he intended to insist upon it.

Under no view that we have been able to take, is complainant entitled to a specific performance of the alleged contract against Cossitt. It is not now claimed that Whipple has any interest in the land itself, and no relief can be had against him under this bill. If complainant has any claim for compensation against the estate of Meserve for having made the contract without authority from the owner of the property, his remedy is by an action at law. Neither the heirs of Meserve nor Whipple were necessary parties to this bill, and it was bad on demurrer for that reason.

The decree dismissing the bill was proper, and will be affirmed.

*Decree affirmed.*