THE STATE OF NEBRASKA, EX REL. MILTON MCKINNON,
v. JOSEPH SCOTT ET AL.

1. **School Lands**: LEASE: FORFEITURE: NOTICE. Where a lessee of school lands is in default in the payment of rent for the period of six months it is the duty of the commissioner of public lands and buildings to cause notice to be given to him that if the amount due is not paid in six months thereafter the lease will be declared forfeited. After the expiration of six months from the time such notice was given, the board of public lands and buildings may declare such contract forfeited.

2. ———: JURISDICTION OF DISTRICT COURT. Such order may be reviewed on error in the district court.

3. **Mandamus Against Board of Public Lands and Buildings.** Where a mandamus is sought to compel the board of public lands and buildings to accept the highest bid for the leasing of certain school lands, the writ will be denied unless it is clear that there is an abuse of discretion, and that the sum bid is the full rental value of the lands.

ORIGINAL application for mandamus.

*N. C. Abbott,* for relator.

*William Leese, Attorney General,* for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the defendants to accept a bid for the leasing of the S. E. ¼ of the S. W. ¼, and the S. W. ¼ of the S. E. ¼ of sec. 6, T. 8, R. 7 E., in Lancaster county, and to execute a lease to him for the same.

It appears from the application that in December, 1880, one Valentine Meyer entered into a contract of lease with the state of Nebraska for the land above described, and that said Meyer, since the 1st day of January, 1881, has failed to pay the rental price agreed upon in said contract. That Meyer having become a non-resident of the state, the defendant, on the 27th of June, 1884, caused a notice to be published in the *State Journal*, a newspaper published in Lancaster county, which so far as it relates to Meyer is as follows:

"OFFICE OF COM'R OF PUB. LANDS AND BUILDINGS,
"LINCOLN, NEB., June 19, 1884.

"* * To Valentine Meyer, lessee of S. E. S. W. and S. W. S. E. 6, 8, 7 E. You will take notice that your contracts of lease with the state of Nebraska are delinquent for more than six months, and you are hereby notified that if all payments due on said contracts of sale and lease are not paid as provided by law, said contracts will be forfeited as provided by section 20, page 311, Session Laws of 1883.

[SEAL.]     "A. G. KENDALL,
"*Com. Public Lands and Buildings.*"

It also appears that Meyer failed to pay the amount due on said land within six months after the publication of said notice, and the contract was thereafter declared forfeited. It is also alleged that the only sum ever paid by Meyer was $2.50, and that he has abandoned said land.

The principal question in the case is the validity of the forfeiture.

Section 20 of the act referred to is as follows:

"If any lessee of educational lands shall be in default of the semi-annual rental due the state for the period of six months, or any purchaser of educational lands be in default of the annual interest due the state for one year, the commissioner of public lands and buildings may cause notice to be given to such delinquent lessee or purchaser that if such delinquency is not paid within six months from the date of the service of such notice his lease or sale will be declared forfeited by the board of educational lands and funds. If, after such notice, the amounts due are not paid within six months from the date of the service of such notice thereof, the said contract of lease or sale may be declared forfeited; *Provided,* The provisions of this section shall not apply to subdivisions of land laid out and platted to town sites, or additions thereto, but forfeitures of contracts for such 'subdivided lands' shall be made as nearly as practicable in the manner now provided by law for the foreclosure of mortgages on real estate; and it shall be lawful to include as many defendants in one action as may be deemed necessary; *Provided, further,* That nothing herein contained shall debar any of said defendants from maintaining a separate defense in his or her behalf, and the lands therein described shall revert to the state the same as though such lease or sale had never been made, and the order making such forfeiture shall be spread upon the records of the board of educational lands and funds. In case the owner of such contract of sale or lease be a non-resident of this state, or his address be unknown, the notice herein contemplated shall be published three weeks in some newspaper published or of general circulation in the county where the land is situated. The forfeiture may be entered by said board after ninety days from the date of such published notice. The provisions of this section shall apply alike to all the lands heretofore sold or leased, and to all lands hereafter sold or leased as

educational lands of this state; *Provided,* The owner of any contract of sale or lease so forfeited may redeem the same by paying all delinquencies and costs at any time before such land is again sold or leased."

Section 20 of the act of 1877, Laws 1877, 174, which was in force when the lease to Meyer was executed, was as follows:

"In case of the violation of any of the covenants in the contract furnished by the lessee of such lands, by the non-payment of moneys at the time specified in the contract, by the commission of waste upon the land, by removal of any improvements on the land without the consent of the board, or by the commission or omission of any act constituting a breach of the contract or covenants contained in said lease, the commissioner of public lands and buildings, immediately upon receiving information of such breach of contract, shall notify the lessee so violating his covenants or contract that the terms of his lease are in default as aforesaid, and that unless the terms aforesaid are complied with within thirty days after such notice he will proceed to take steps to enforce the forfeiture of said lease as hereinafter provided. The terms of this section shall apply alike to all lands sold or leased under the provisions of this act, and all lands heretofore sold or leased as school lands of the state, and such forfeiture shall be declared by the judge of the district court of the district in which the county is located in which the said land is situated, upon the application of the district attorney of said district, who, upon notice from the commissioner of public lands lands and buildings of such default or violation, shall proceed against said lessee in the name of the state of Nebraska for forcible detainer, and obtain restitution in the same manner and with like effect as in case of tenants holding over. And in case the lessee of said lands is a non-resident of this state, service shall be had by publication as in cases for foreclosure of mortgages against non-

44

residents. In case of the violation of any contract or covenant by the lessee of such lands as aforesaid, the commissioner of public lands and buildings shall accompany his notice of such delinquency to the prosecuting attorney with attested copies of all papers which may prove the covenants and the violation thereof."

It will be seen that the principal change made by the act of 1883 is in the tribunal to determine in the first instance whether, upon default of payment, a cause of forfeiture had arisen. The questions involved are purely questions of facts, viz., whether the lessee or purchaser has made payments as provided in the contract. If not, then, upon due notice to him—personally, if he can be found in the state, or by publication, if absent—the board, after the expiration of six months, may declare the contract forfeited. If the lessee or purchaser is dissatisfied with the decision he may take the case on error to the district court, where it may be reviewed. The purchaser or lessee is deprived of no right which existed when the contract was entered into, but the procedure is simplified and the expenses materially reduced.

We hold, therefore, that the provision for forfeiture in the act of 1883 is valid, and applies to leases made under the act of 1877; and as Meyer was constructively served with notice, and failed to appear and redeem within the time limited by law, the order of forfeiture made by the defendants is in full force and bars the right of Meyer to the land.

It is a fundamental doctrine of equity that specific performance will not be decreed in favor of one who has been guilty of gross laches which cannot be explained consistently with good faith. *Roby v. Cossitt*, 78 Ill., 638. *M' Dermid v. M' Gregor*, 21 Minn., 111. *Eastman v. Plumer*, 46 N. H., 464. *Alloway v. Braine*, 26 Beav., 575. *Eastern R. R. Co. v. Knott*, 10 Hare, 122. This rule certainly applies in favor of the state, where a purchaser of the lands

held in trust by it for the support of schools fails for years to pay the rent or interest on the land purchased or leased by him, and thus deprives the state to that extent of the benefit of the fund. The statute merely extends the equity rule that where there has been great and improper delay by a purchaser, the vendor may fix a reasonable time within which the purchaser must perform on his part or be barred. *Nott v. Ricard*, 22 Beav., 307. *Eads v. Williams*, 4 DeG., M. & G., 674. *Gordon v. Mahoney*, 13 Ired. Eq., 404. 2 Leading Cases in Equity (4th Ed.), 1061. A reasonable time was allowed Meyer in this case, of which he did not avail himself. His rights, therefore, in the premises have ceased.

We will not grant a mandamus, however, to compel the board to accept a bid for the sale or lease of the school lands unless it is clear that there is an abuse of discretion. There is no evidence before us that the bid of the relator is the full rental value of the land, nor that the board did not perform its duty in not accepting it. As the board is charged with the administration of the trust, it must be clear that there is an abuse of the same before the court will interfere. The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.