STATE, EX REL. ANTHONY REED, v. JOSEPH SCOTT, COMMISSIONER OF PUBLIC LANDS AND BUILDINGS.

1. **Leasing State Lands:** MANDAMUS. The board of educational lands and funds will not be compelled by mandamus to award a contract of lease to a particular bidder, unless the sum bid is in excess of that fixed by statute, and is at least the full rental value of the land, and there is an abuse of discretion on the part of the board in refusing to execute the lease.

2.  ———: PUBLIC LETTING: BIDS.  Where a party at a public
    letting of educational lands was the highest bidder, but after-
    wards refused to accept the lease and pay the amount due thereon
    and perform the contract on his part, the board will not be com-
    pelled to accept a lower bid afterwards made by him for the
    same tract of land.

ORIGINAL application for mandamus.

*Mason & Whedon,* for relator.

*William Leese, Attorney General,* for respondent.

MAXWELL, J.

This is an original action brought to compel the defend-
ant to execute a lease in the name of the state for the south-
west quarter of section No. eight, in township ten north,
range eight east, in Lancaster county.

The relator alleges in his application, in substance, that
the land in question is a part of the endowment of the nor-
mal school of this state; that on the 29th day of June, 1871,
one D. J. McCann purchased said land at public vendue
for the sum of $1,120; that McCann thereupon gave his
note to the state for said sum of $1,120, due ten years after
date with interest at ten per cent, payable semi-annually in
advance, and that he paid the interest on said note for one
year in advance, and received from the superintendent of
public instruction a certificate showing these facts, that in
July, 1871, McCann assigned his interest in said land to
one Murphy, who about the year 1872 assigned to one
Cook; that the interest was paid on said note for the years
1871, 1872, 1873, and 1874, and no more; that in June,
1884, the board of educational lands and funds, after due
notice to the parties interested, declared said contract for-
feited and set aside, and notified the treasurer of Lancaster
county of said forfeiture, and that said lands would be sub-
ject to lease in July, 1884; that prior to the 6th day of

July, 1884, said land had been appraised at $7 per acre, and on that day the relator made his application to the county treasurer of said county to lease said land, and paid to the treasurer of the county $33.60, that being six per cent on the appraised value of said land to the 1st day of January, 1886; and also paid said treasurer a bonus of $50, making in all the sum of $83.60, and at that time there was no other person who had made application to lease said land; that the treasurer of said county thereupon transmitted to Joseph Scott, commissioner, etc., said application and a duplicate receipt for the money paid by the relator, and requested said Scott to issue a lease for said land to the relator, which without reason and without any good or sufficient cause he refused and still refuses to do. It is also alleged that the relator is not the owner of 640 acres of state educational lands and would not be if he secured the land in question, etc. To this application the attorney general has filed an answer in which he alleges:

"That on the 7th day of June, 1884, the relator, with several other persons, each made application to lease for himself the land described in relator's application. That bids as high as 700 per cent were there bid by other parties on the appraised value of said land. That the relator did then and there offer to pay 1,000 per cent on the appraised value of said land. And in accordance with said bid of relator, it being the highest rate per cent on the appraised value of the land, the contract of lease for said lands was awarded to the said relator, and the commissioner of public lands and buildings did then and there prepare and sign a lease in duplicate to the relator, for said lands, and transmitted the same to the county treasurer of Lancaster county, and the relator, without any just cause or excuse, failed, neglected, and refused to make the first payment and sign the said lease, and after the expiration of thirty days the said lease in duplicate was by the said county treasurer returned to said commissioner. A copy of said relator's

application is hereto attached and filed herewith, and marked ' A.'    Exhibit A is as follows :

" LANCASTER COUNTY, NEBRASKA, June 7th, 1884.

"*To the Board of Educational Lands and Buildings :*

" The undersigned desires to lease the following described school lands of the state, viz.: S. W. Qr. Sec. 8, Town. 10, range 8, Lancaster county, for which I will pay 1,000 per cent on the appraised valuation.

" ANTHONY REED,

"*Post Office, Lincoln.*"

There are other allegations, to which it is unnecessary to refer.    The case is submitted on the application and answer.

The relator does not allege in his application that the sum bid by him was the full rental value of the land, or that there were not higher bids than his for the board to act upon.    The allegation is, " that at the time this affiant made his said application to lease said land there were no other parties desiring to lease said land, and no person had made application to lease the same."    This is not sufficient to show that the relator was entitled to a lease.    The board of educational lands and funds is a trustee for the sale and leasing of the land set apart for the support of educational institutions, and to justify the interference of a court there must be an abuse of the trust.    This question was before this court in *State v. Scott,* 17 Neb., 686, and it was held that a writ would not be granted against the board unless there was an abuse of discretion, which, in our view, there was not in this case.    It is the duty of the board to sell or lease the educational lands of the state for the highest price possible to be obtained, and increase and protect by all honorable means the funds for the support of the educational institutions ; and so long as the board is faithfully performing its duty in that regard, this court will refuse to interfere.

2.   The allegations of the answer, if true, are sufficient to debar the relator from the relief prayed for.   A party bidding must act in good faith, and if, being the highest bidder at a public letting, the contract is awarded to him, he must perform on his part, and cannot be permitted to let his bid lapse, and afterwards, when competition has ceased, put in a lower bid and compel the board to accept it.   If, therefore, the allegations of the answer are true, the board on that ground alone should have rejected the relator's bid.   The question whether normal school lands are subject to lease is discussed somewhat in the brief of the respondent, but as the question has not been very fully presented, and a determination not necessary to a decision in this case, it will not be considered.   The writ must be denied.

WRIT DENIED.

THE other judges concur.