## John M. Krause et al. v. Adolf Kraus et al.

1. Contracts for the Sale of Land—*Implied Conditions.*—In every contract for the sale of land, a condition is implied for a good title, and if the sale is of a lease, the implied condition is that the lessor had such a title as made the lease good.

2. Pleading—*Necessary Allegations.*—It is a general rule applicable to pleadings in equity as well as at law, that whatever is necessary to entitle a party to relief, must be alleged.

3. Same—*Waiver of Objections to Title—What Amounts to.*—An agreement for the sale of a leasehold estate provided that if an attorney (naming him) should be of the opinion that the title was not such as the agreement called for, a deposit should be returned, and the bill for specific performance of the agreement averred that the attorney passed upon the abstract of title and was of the opinion that the title was such as the agreement called for. *It was held* that such approval was no part of the contract itself, and was at most but a waiver of objections, if there were any, to the title of the premises in question.

**Bill for Specific Performance.**—Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

Appellants' Brief, Pence & Carpenter, Attorneys.

A party may waive a condition precedent to the performance of a contract, even after default, in which case he can not insist upon the forfeiture provided for in the contract as the result of such non-performance. Ex parte Gardner, 4 Younge & Col. 503; Wood v. Machu, 5 Hare 158; King v. Wilson, 6 Beav. 124; Wood v. Bernal, 19 Vesey 220; Cutts v. Thoday, 13 Sim. 206; Hipwell v. Knight, Younge & Col. 401; Izard v. Kimmel, 26 Neb. 51; Thayer v. Star Mining Co., 105 Ill. 547; Watson v. White, 152 Ill. (adv.) 364; Insurance Co. v. Norton, 96 U. S. 234.

Moran, Kraus & Mayer and Woolfolk & Browning, attorneys for appellees.

Mr. Justice Gary delivered the opinion of the Court.

This is a bill filed by the vendor for a specific performance of a contract for the sale of a leasehold estate.

The bill alleges of Krause that "in the matter of the voluntary assignment of said Herman Hermann, still pending in the County Court of Cook County, he was appointed assignee of all the estate and effects of said Herman Hermann, insolvent, which estate and effects, among other things, consisted of a leasehold estate in * * *; that said lease bears date the 15th day of November, A. D. 1872, and was executed by George A. Ingalls." There is no averment of any title in Ingalls, nor any further showing how any title of Hermann passed to Krause.

The agreement which the bill seeks to enforce provided that if the firm of Kraus & Mayer, of which firm Kraus was a member, should be of the opinion that the title was not such as the agreement called for, the deposit should be returned, and it is averred that Kraus did pass upon the abstract of title, "and was of the opinion that the title of said premises was such as was agreed upon in said contract, and did pronounce the title and said leasehold interest to the premises described in said contract good and sufficient in Krause. The contract itself described the leasehold only as under a lease," which "was till 1905, at an average rental of $2,484 per year."

In every contract for the sale of land, a condition is implied for a good title, and if the sale be of a lease, that the lessor had such a title as made the lease good. Fry, Spec. Per., Sec. 354; Purvis v. Rayer, 9 Price 488.

It is a general rule, applicable to pleadings in equity as well as at law, that whatever is necessary to entitle the party to relief, he must allege. Neither the briefs of the parties, nor our own limited search, furnish us with an instance of any reference to this rule in a case of this character. The appellants probably rely upon the charge that Kraus approved the title as being sufficient. But such approval is inconclusive. The aid of equity will not be given upon it. Jenkins v. Hiles, 6 Vesey 646.

Such approval is no part of the contract itself, and while it may have been essential to the appellants as in the nature of a condition precedent, as to Krause, at the most, it was but a waiver of objections, if any there were to the title,

and should, to be of any avail, have been pleaded as a waiver, not only stating the fact of approval but that it waived objections.   Dan. Chy., 372.

We suspect that although the demurrer to the bill assigned as one of the grounds that the bill did not show "any ability in said complainants to perform said alleged contract," and that ground is to some extent argued in the brief of the appellees, yet the special aspect in which that ground of demurrer presents itself to us, is of our own discovery; but as it seems to us a good ground for sustaining the demurrer and dismissing the bill, we affirm the decree.