## Albertine Thews v. George K. Maltby.

1. SPECIFIC PERFORMANCE—*Necessary Allegations in Bill for.*—An averment of good title in the vendor is an essential part of a bill for the specific performance of an agreement for the sale of land.

2. SAME—*Proof of Title Required.*—Evidence that the complainant, in a bill for the specific performance of a contract for the sale of land, traced his title to a warranty deed made a little more than seven years before the bill was filed, by persons in whom no title was shown, is not sufficient to sustain a decree; and the fact that the defendant refused to examine an abstract of title is immaterial.

**Bill for Specific Performance,** of a contract for the sale of land. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and bill dismissed. Opinion filed February 9, 1897.

F. H. TRUDE, attorney for appellant.

W. B. MOAK, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee filed this bill to enforce specific performance of an agreement by the appellant to buy from him a house and lot.

In his bill he necessarily averred that he had a good title. Krause v. Krauss, 58 Ill. App. 559; Roby v. Cossitt, 78 Ill. 638.

The form of his averment was that he was " seized in fee simple." He did not attempt to prove that averment; only proved that he traced title back to a warranty deed made by persons in whom no title was shown a little more than seven years before the bill was filed. This was of no avail. Page v. Greeley, 75 Ill. 400.

The master reported against the title, but the court, without further evidence of title, and without any finding that the appellee had title, entered a decree for specific performance, apparently as a penalty upon the appellant for refusing to examine an abstract.

The decree is reversed, and the bill dismissed at appellee's costs, without prejudice to any action at law that the appellee may choose to bring. Reversed and bill dismissed.