STATE, EX REL. BARTON L. GREEN, APPELLEE, V. E. B.
    COWLES, COMMISSIONER OF PUBLIC LANDS AND BUILD-
    INGS, ET AL., APPELLANTS.

FILED FEBRUARY 29, 1912.   No. 17,027.

1. School Lands: LEASES: DEFAULT OF LESSEE: NOTICE. The require-
    ment of section 17, ch. 80, Comp. St. 1911, that, in the event of a
    default by any lessee of educational lands in the payment of the
    semiannual rental due the state, the commissioner of public
    lands and buildings may cause notice to be given to such delin-
    quent lessee or purchaser that, if such delinquency is not paid
    within 90 days from the date of the service of such notice, his
    lease or sale contract will be declared forfeited by the board of
    educational lands and funds, and that the service of the notice
    contemplated is "to be made by registered letter," is not satisfied
    by the mailing by the commissioner of the required notice, in a
    registered letter addressed to a lessee not then living; notwith-
    standing the fact that said section contains the further proviso
    that, "In serving the notice of delinquency and forfeiture herein
    provided for the commissioner shall recognize as the lessee or
    owner of the lease or sale contract the person, or persons, whose
    title appears last of record in his office."

2. ———: ———: FORFEITURE: SUBSEQUENT LEASE: DISCRETION OF
    BOARD. And where the board, acting upon such insufficient notice,
    forfeits a lease on account of such a default, and again offers the
    land at public sale, and the county treasurer accepts an appli-
    cation and bid from a proposed subsequent lessee, and makes
    due report of his proceedings; and the commissioner of public
    lands and buildings, prior to having executed a lease to such
    subsequent lessee, becomes advised of the fact of the want of
    jurisdiction by the board in canceling the former lease, and of
    the further fact that the executor of the will of such former
    lessee has made good the default, with interest and all penalties,
    by payment of the money therefor to the county treasurer, it is
    not only within the sound discretion, but it is the duty of, the
    commissioner to refuse to issue a lease to such subsequent lessee.

3. Mandamus: DENIAL OF WRIT. In an action for mandamus, where it
    clearly appears that to compel the respondent to do the act de-
    manded in the application for such writ would be to compel him
    to do a wrong, the writ will be denied.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Reversed and dismissed.*

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton,* for appellants.

*Barton L. Green, contra.*

FAWCETT, J.

From a judgment of the district court for Lancaster county, awarding the relator a writ of mandamus commanding the respondent to issue to relator a lease of certain saline lands in Lancaster county, respondent appeals.

The case was submitted in the court below upon the pleadings and stipulation of facts. From the affidavit of relator and the stipulation of facts referred to, we are advised: That the land in controversy was sold to one William Robertson on May 14, 1894; that on May 24, 1904, Mr. Robertson died, testate, and letters testamentary were issued March 11, 1905; that the will made no reference to the lands in controversy, but left all of the property of the deceased, not specifically devised, to certain of his children who at the time of the making of the will and at the time of the trial were minors; that on January 1, 1908, default was made in the payment of the annual instalment of interest due the state; that this default continued until after November 17, 1909; that on January 1, 1909, the then commissioner of public lands and buildings sent a notice in writing, by registered letter, addressed to "William Robertson, Lincoln, Neb.," stating that if delinquency was not removed within 90 days from the date of service of said notice his contract would be declared forfeited by the board of educational lands and funds; that the return card for this letter was received and bore the signature "William Robertson;" that this signature was made by an adult son of the deceased, of that name. This son was not one of the children of the deceased who, by the terms of the will, became the owners of the property in controversy or of the leasehold interest therein,

nor is it shown that he was executor of the will or administrator of his father's estate. On October 13, 1909, the board of educational lands and funds declared the contract forfeited, the board at that time being ignorant of the fact that William Robertson was dead and that legal notice of the forfeiture had not been given to his devisees or legal representatives. The land was again offered for sale in public manner on November 8, 1909, after publication of notice for three weeks prior thereto. At this public sale the relator made the highest bid, filed his written application for a lease, and his payment and application were accepted by the county treasurer. The relator subsequently demanded of the respondent a lease for the land, which respondent refused to issue, assigning as his reason, for such refusal "that there was irregularity in the notice of delinquency upon said contract issued to William Robertson, for the reason that said William Robertson was deceased at the time notice of delinquency was sought to be served upon him, and for the further reason that the card acknowledging receipt of delinquency issued by the commissioner was signed by some other person than the said William Robertson." The public sale, it will be remembered, was on November 8. The stipulation of facts recites: "Said William Robertson, deceased, left a will, but in it did not specifically refer to said lease, and the executor of said will did not know until after the 9th day of November, 1909, that said William Robertson, deceased, was the owner of record of said lease, but that, as soon as he discovered said fact, he immediately paid to the county treasurer of Lancaster county all of the rentals on said land for the year 1909 and the first half of 1910, with all expenses, premiums and charges required by the said county treasurer, which said sum was by him accepted."

The question presented is simply this: Will the court, in the face of the facts and circumstances above outlined, compel the respondent by mandamus to execute and deliver to the relator a lease for the lands in controversy?

We are unable to discover any theory upon which this should be done. It is not disputed that, under the provisions of the statute, the lease to Mr. Robertson could not be forfeited and the lands again leased, except after due notice of delinquency. The statute in force at the time the Robertson lease was executed required personal service. As subsequently amended it provides: "The service of the notice herein contemplated, to be made by registered letter." Comp. St. 1911, ch. 80, sec. 17. It is contended by the respondent that this amendment is inoperative as against leases executed under the prior statute. We find it unnecessary to decide that question, for the reason that, in our opinion, no notice was served as contemplated by either statute. It is true the statute provides: "In serving the notice of delinquency and forfeiture herein provided for the commissioner shall recognize as the lessee or owner of the lease or sale contract the person, or persons, whose title appears last of record in his office." It is also true that "William Robertson" was the name of the person whose title appeared last of record in the office of the commissioner at the time of the mailing of the notice; but we think it would be imputing to the legislature the most absurd and unheard of ideas of justice to hold that its intention was that the statute requiring notice of delinquency and of a proposed forfeiture could be satisfied by mailing a registered letter to a dead man. A dead man is no man. The moment the breath of life leaves his body he ceases to be a man under every reasonable construction of either law or common sense. If, then, on January 1, 1909, there was no such man in existence as "William Robertson," no notice could be given to him, and it would be the duty of the commissioner to serve the notice upon the heirs, devisees, or executor of the will, of such deceased person. Had the registered letter been mailed to them, it is possible, although we do not so decide, that the forfeiture might have been sustained.

There is another reason why this writ should not issue. It having come to the knowledge of the respondent that

there had been no service of the notice upon the executor or devisees of Mr. Robertson, and that the executor immediately upon learning of the default had removed the same by making full payment of all rentals due, together with all penalties by reason thereof, it was not only within his sound discretion, but it was his duty, to refuse to issue a lease to relator. For him, to have issued a lease under such circumstances would have been to perpetrate a wrong and to place the state in a very unenviable light, to say the least. We said in *State v. Scott*, 17 Neb. 686: "We will not grant a mandamus, however, to compel the board to accept a bid for the sale or lease of the school lands unless it is clear that there is an abuse of discretion." In this case it is clear that the respondent was not guilty of any abuse of discretion. The district court, therefore, erred in granting the writ.

The judgment of the district court is reversed and the action dismissed at relator's costs.

REVERSED AND DISMISSED.