STATE, EX REL. SAMUEL L. O'BRIEN, APPELLANT, V. BOARD
OF COMMISSIONERS OF EDUCATIONAL LANDS AND
FUNDS ET AL., APPELLEES.

FILED DECEMBER 9, 1927.   No. 25116.

*Allen G. Fisher* and *Samuel L. O'Brien*, for appellant.

*O. S. Spillman, Attorney General*, and *George W. Ayres*, *contra*.

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is an action brought by appellant, Samuel L. O'Brien, hereinafter called plaintiff, to compel the defendant, Honorable Dan Swanson, commissioner of public lands and buildings, hereinafter referred to as land commissioner, and other officers connected with the administration of his office, to issue to plaintiff a lease of section 16, township 20 north, range 28, of the school lands of Cherry county, and praying that an alternative writ of mandamus issue, and that the same might be made permanent upon a final hearing of the case. Issues were duly joined, trial had to the court, and judgment entered in favor of defendants; to reverse which plaintiff appeals.

The record discloses the following facts: That on April 21, 1924, plaintiff made application in due form to the

county treasurer of Cherry county to lease the school lands above described; that at the time of such application a casual examination of the books was made by the officers, application received, and rental of $61.20 paid by plaintiff; that a duplicate receipt, together with the application, were transmitted by mail to the office of the land commissioner, on receipt of which a lease to plaintiff was immediately executed, signed and sent to the county treasurer for delivery, at which time it was discovered by him that on April 15, 1924, an application to lease the same land had been made by one E. A. Roberts, which was filed and approved by the county treasurer, and the then appraised rental value of such land, to wit, $54.40, paid by Roberts; that this application of Roberts gave him until May 15, 1924, to pay for the improvements which had been placed on the land by a prior lessee, the value thereof to be ascertained by the county treasurer in the meantime, which was done and estimated at $50, which sum Roberts paid on May 15, 1924; that thereupon the county treasurer reported the matter back to the land commissioner, and such report was accompanied with the lease to plaintiff, which had remained undelivered awaiting the valuation of improvements and payment thereof by Roberts; that a cancelation of the O'Brien lease was requested by the county treasurer; that on receipt of this communication the land commissioner canceled the O'Brien lease, approved the application of Roberts and the receipt of the money by him paid, executed a lease of such land to him, and transmitted the same to the county treasurer for delivery, which was done, and the $61.20 paid by plaintiff was tendered him, which he refused; that afterwards Roberts duly assigned his lease to appellee Pierman. Under these conditions this action was instituted.

Section 5197, Comp. St. 1922, clothes the county treasurer with authority to receive applications to lease unsold school lands, and receive the rentals therefor; hence, as to Roberts, that which the county treasurer did, being without fraud or mistake, was clearly within his authority,

and created a binding obligation running from the state to Roberts. *Luse v. Rankin,* 57 Neb. 632.

Section 5198 of the statutes, as amended by chapter 54, Laws 1923, provides the procedure as to the appraisement of improvements on the land, when, as in this case, a forfeiture or expiration of a prior lease has accrued, which accounts for the delay in issuing the lease to Roberts.

It is claimed on the part of plaintiff that the original application made by Roberts was for section 36, and not for section 16. However, we are convinced from a careful reading of the record that such is not the fact, as the evidence plainly shows that, at the time of preparing the Roberts application, the scrivener denoted the section as 36; but, immediately becoming suspicious as to whether or not he had the proper section number, consulted the plat of such lands in the county, determined that the correct number was 16, erased the figures 36, and placed therein the correct number before such application was signed or filed. While it is unfortunate that two applications to lease the same land should have been received and filed, it certainly does not authorize the court to direct the cancelation of a lease legally made, in order to correct such a mistake, the original lessee not being in any manner at fault. And this, notwithstanding we are convinced that the strictest integrity prompted the actions of all parties concerned. It is axiomatic that a writ of mandamus will not issue to compel one to do a wrong. *State v. Cowles,* 90 Neb. 839.

We conclude that a misconception of the records of the county treasurer's office led to the acceptance of the O'Brien application; further, Roberts was prior in time, equal in equities, and without negligence. The writ was rightly denied.

AFFIRMED.