STATE OF NEBRASKA ET AL., APPELLEES, V. MILTON C. KIDDER, APPELLANT.

112 N. W. 2d 759

Filed January 5, 1962. No. 35082.

*Milton C. Kidder,* pro se.

*Clarence A. H. Meyer,* Attorney General, *Bernard L. Packett, Robert V. Hoagland,* and *William C. Smith, Jr.,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is a forcible entry and detention action brought in the county court of Cherry County by the State of Nebraska and Arnold Wright, its tenant, as plaintiffs, against Milton C. Kidder, defendant. This petition was filed in the county court of Cherry County May 3, 1958. The purpose of the action was to recover possession of certain school land. On May 26, 1958, judgment was rendered in favor of the plaintiffs and against the defendant. The defendant perfected appeal to the district court for Cherry County. In the district court a pretrial conference was held to simplify the issues raised by the pleadings. On January 24, 1961, the State, on behalf of the plaintiffs, filed a motion for summary judgment. On March 14, 1961, the defendant filed a motion for new trial which was overruled on May 11, 1961. The plaintiffs' motion for summary judgment was sustained March 15, 1961. The defendant perfected appeal to this court.

The defendant assigns as error that the trial court erred in sustaining the plaintiffs' motion for summary judgment, for the reason that the trial court's finding of fact is not sustained by the pleadings, the admissions, or other evidence introduced at the hearing on the motion for summary judgment; and that the trial court erred in finding that the plaintiffs were entitled to possession of the school land here involved.

The issues include the following: Is an order of the district court assigning and directing the assignment of a school land lease as a part of a property settlement in a decree of divorce a valid and legal assignment of said school land lease where there is a procedure for such assignment prescribed by statute which required, among other things, that an assignment of a school land lease be approved by the Board of Educational Lands and Funds?

It was stipulated that the former wife of the defendant Milton C. Kidder was the holder of a school land lease from the Board of Educational Lands and Funds; that said lease was included in the property settlement between the defendant and his wife which was incidental to a divorce decree issued by the district court for Cherry County in a case entitled Kidder v. Kidder; that said case was appealed to the Supreme Court of this state and affirmed; and that the decree in the divorce action purportedly assigned, or attempted to assign, said lease to the defendant Milton C. Kidder, but that no assignment or transfer of said lease was executed by the wife of the defendant pursuant to the order of the court in said case which the Board of Educational Lands and Funds approved.

It was admitted that the State was the owner of Section 36, Township 29 North, Range 34 West of the 6th P. M., in Cherry County; that said real estate is a part of the lands granted to the State of Nebraska under the Enabling Act of Congress, and under the Enabling Act and the constitutional provisions of the state is

dedicated to be used for the benefit of the common schools of the state; that under the Constitution of the State of Nebraska, the Board of Educational Lands and Funds is charged with the control and management of said public school lands; that Pearl L. Kidder is the ex-wife of Milton C. Kidder and acquired a school land lease on the above-described real estate by assignment on May 24, 1948, which was approved by the Board of Educational Lands and Funds, and the lease was stated to expire on December 31, 1961; that an order was issued by the Board of Educational Lands and Funds to Pearl L. Kidder on January 16, 1958, to show cause why her school land lease should not be forfeited for lack of using the school land for her own use and benefit as provided by section 72-235, R. R. S. 1943; and that Pearl L. Kidder did not appear to show cause why her school land lease should not be forfeited, and the secretary of the Board of Educational Lands and Funds was authorized to sell a new lease at public auction.

It was stipulated that the plaintiff, Arnold Wright, was the lessee of the school land here involved under a school land lease dated March 10, 1958, and ending December 31, 1969, executed by the Board of Educational Lands and Funds of the state, as lessor; and that the defendant was served with a 3-day notice to vacate the premises.

Article VII, section 1, of the Constitution of this state provides:  "The general management of all lands and funds set apart for educational purposes, and for the investment of school funds, shall be vested, under the direction of the Legislature, in a board of five members to be known as the Board of Educational Lands and Funds.  The members shall be appointed by the Governor with such qualifications and for such terms and compensation as the Legislature may provide."

The Board of Educational Lands and Funds has control of and the management of the school lands.  See State v. Cooley, 156 Neb. 330, 56 N. W. 2d 129.

As early as the case of State ex rel. Crounse, v. Bartley, 40 Neb. 298, 58 N. W. 966, this court, in referring to the constitutional provision dealing with the management of school lands, said: "By this provision the power to sell, lease, and manage the educational lands of the state is conferred upon a distinct board, * * *. The authority thus conferred upon the board of commissioners, or board of educational lands and funds, as it is usually called, the legislature is powerless to take away."

At the present time the Board of Educational Lands and Funds has sole power under the Constitution to manage and control school lands.

Section 72-233, R. R. S. 1943, provides in part: "No lease shall be sublet or assigned without the written approval of the board."

In the divorce decree the trial court orderd that Pearl L. Kidder, the defendant's wife, assign to the defendant Milton C. Kidder a school land lease which she had. This constituted a part of the property settlement between the parties. The State was not a party to the divorce action, and is not bound by the judgment rendered therein. The decree in the divorce action, including the property settlement, while binding on the parties to the action, was in no manner binding on the State or the Board of Educational Lands and Funds. The Board of Educational Lands and Funds was not prevented from carrying out the statutory provisions relative to school lands, leaving the parties to the divorce action such rights and remedies as they may have between themselves. Whatever rights or remedies the parties have in the divorce action, if any, cannot defeat the statutory powers of the Board of Educational Lands and Funds in the leasing of school lands.

The second issue pertains to the effect of section 72-232, R, R. S. 1943, providing in substance that no person shall be entitled to hold under lease more than 640 acres of school lands by assignment, unless the land to

be leased is bounded entirely on two sides thereof by lands owned or operated by the assignee.

It was stipulated that the defendant is the present holder of record, as lessee, of a school land lease from the Board of Educational Lands and Funds covering 97.85 acres of land in Cherry County, described as Government Lots 1 and 2 in Section 2, Township 28 North, Range 31 West of the 6th P. M., in Cherry County, which lease was for a term of 25 years, expiring on December 31, 1960; and that the defendant neither owned nor operated real estate contiguous to the entire part of two sides of Section 36, Township 29 North, Range 34 West of the 6th P. M., in Cherry County.

Section 72-232, R. R. S. 1943, provides in part: "No individual, partnership or corporation shall be entitled to hold under lease a total of more than six hundred and forty acres of state educational lands, whether the same be acquired by direct lease or by assignment; Provided, said limitation shall not apply where the land to be leased is bounded entirely on two sides thereof by lands owned or operated by such applicant or assignee."

The defendant assumed the right of possession of the school land lease here involved. He drove 25 cows and 1 bull on this land, to which the plaintiff Wright protested, but the protest was not heeded by the defendant.

The record shows that the leasehold by Pearl L. Kidder covers a full section of 640 acres; that the defendant neither owned nor operated real estate contiguous to the entire part of two sides of the section here involved; and that at the time the decree of divorce was entered, and at least until December 31, 1960, the defendant held a school land lease covering 97.85 acres in Cherry County. It is apparent that under the facts adduced and under section 72-232, R. R. S. 1943, the defendant would not be entitled to the possession of the school land here involved.

In Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d

244, it was said: "The summary judgment act, \* \* \* authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and that no genuine issue remains for trial. \* \* \*."

There are many cases that hold the same way as the above-cited case.

In the instant case the trial court did not err in sustaining the plaintiffs' motion for summary judgment.

The judgment of the trial court should be, and is hereby, affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.