M. C. KIDDER, APPELLANT, v. ARNOLD WRIGHT, APPELLEE.

128 N. W. 2d 683

Filed May 29, 1964. No. 35669.

Dean L. Donoho, for appellant.

Robert V. Hoagland, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The plaintiff, M. C. Kidder, brought this action against Arnold Wright, the defendant, to recover the value of improvements constructed upon Section 36, Township 29 North, Range 34 West of the 6th. P. M., in Cherry County, Nebraska. The land in question is school land owned by the State of Nebraska and is under the con-

trol and management of the Board of Educational Lands and Funds.

The petition alleged that Pearl L. Kidder, the former wife of the plaintiff, acquired a lease to the land in 1948; that improvements were made on the land; that the lease was awarded to the plaintiff in a property settlement incident to a divorce action and that the plaintiff went into possession; that the lease awarded to the plaintiff was canceled in 1958 and a new lease was made to the defendant; that on May 26, 1958, the State of Nebraska and the defendant recovered judgment against the plaintiff in an action in forcible entry and detainer; that the defendant then went into possession of the land and removed and destroyed some of the improvements; and that the improvements on the land had a value of $6,000.

The answer alleged that the county court of Cherry County, Nebraska, had on March 28, 1958, appointed appraisers to appraise the improvements upon the land; that the improvements were appraised at $615; that the defendant paid $615 into the county court of Cherry County, Nebraska; and that there had been no appeal from the report of the appraisers. The answer contained other allegations but they are not important to the disposition of this appeal.

The reply was a general denial.

A pretrial conference was held and the parties stipulated the facts which were alleged in the pleadings which have been summarized. The defendant then filed a motion for summary judgment which was sustained. The plaintiff's motion for new trial was overruled and he has appealed. The plaintiff assigns as error the sustaining of the defendant's motion for summary judgment.

The controlling question in this case is whether the appraisal of the improvements made pursuant to section 72-240.06, R. R. S. 1943, was binding upon the plaintiff. The plaintiff's theory of the case is that an appraisal under section 72-240.06, R. R. S. 1943, is not an exclu-

sive remedy, and that the appraisal which was made is not binding on him because he had no notice of the proceeding.

Subsection (1) of section 72-240.06, R. R. S. 1943, provides as follows: "All authorized improvements on school land leases shall become the property of new lessees in all instances, and payment shall be made to the old lessees as herein provided. If the lease is to be made to a person other than the former lessee, irrespective of whether the previous lease expired or was forfeited under the provisions of section 72-235, the Board of Educational Lands and Funds shall notify the former lessee and the new lessee by either registered or certified mail, when the lease is executed. If the parties are unable to agree as to the value of all the improvements on the land, such improvements shall be appraised by a board of three appraisers to be chosen as follows: One by the former lessee, one by the new lessee, and one to be agreed upon by the two appraisers so chosen. If either party shall fail or refuse to appoint an appraiser within ten days after the acceptance of a bid by the Board of Educational Lands and Funds, upon application by the other lessee to the county judge of the county wherein the land is located, the county judge shall appoint an appraiser for the party failing or refusing to appoint an appraiser. The appraisers shall each be allowed for his services in making the appraisement the sum of five dollars. Improvements to be included in such appraisement shall be all buildings, fencing, wells, windmills, pumps, tanks, irrigation improvements, dams, drainage ditches, conservation terraces, trees, plowing for future crops, and alfalfa or other crops growing therin (thereon). The appraisement herein provided for shall be made within thirty days after the execution of the new lease, and the appraisement shall be filed within five days with the county judge of the county in which the land is situated. The county judge shall forthwith after the filing of the appraisement notify by either

registered or certified mail both the successful bidder and the former lessee of the action taken by the appraisers. The new lessee shall pay all costs of the appraisement."

Subsection (2) of section 72-240.06, R. R. S. 1943, provides for an appeal to the district court by any party who is dissatisfied with the appraisement.

Section 72-240.06, R. R. S. 1943, provides the procedure for the appraisement of improvements on school land when a lease has been terminated by expiration or forfeiture. State ex rel. O'Brien v. Board of Commissioners, 116 Neb. 261, 216 N. W. 818. See, also, Jessen v. Blackard, 160 Neb. 557, 71 N. W. 2d 100. It is the remedy which the Legislature has provided where a new lease is to be made to a person other than the former lessee, and the parties are unable to agree as to the value of the improvements. The statute enters into and becomes a part of the contract between the state and each lessee. State v. Platte Valley Public Power & Irr. Dist., 147 Neb. 289, 23 N. W. 2d 300, 166 A. L. R. 1196. We think that the procedure prescribed in section 72-240.06, R. R. S. 1943, is an exclusive remedy that is binding upon all lessees of school lands.

The plaintiff relies upon Mara v. Norman, 162 Neb. 845, 77 N. W. 2d 569. In the Mara case, this court held that under the circumstances in that case a former lessee of school land might have a common law action against subsequent lessees for conversion of improvements. The Mara case was decided after section 72-240.06, R. R. S. 1943, as it then existed, had been declared unconstitutional in Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508. At that time, as stated in Jessen v. Blackard, *supra,* there was no statutory definition of improvements on school lands, no provisions for their appraisement, no requirement that a new lessee should take or pay for the improvements, and no requirement that the old lessee surrender his improvements to the new lessee. Section 72-240.06, R. R. S. 1943, as appli-

cable in this case, was enacted in 1957. Laws 1957, c. 303, § 1, p. 1107. The Mara case involved a situation where there was no statutory remedy and it is not applicable to the facts in this case.

The remaining question is whether the appraisement of the improvements was binding upon the plaintiff even though he was not a party to the appraisal proceeding and had no notice of it. Due process of law requires that the owner of the property be given notice of the appraisal proceedings so that he will have an opportunity to protect his rights. Watkins v. Dodson, *supra*.

Section 72-240.06, R. R. S. 1943, as enacted in 1957, requires the Board of Educational Lands and Funds to notify the former lessee when a new lease is to be made to another person. It further requires the county judge to notify both parties of the action taken by the appraisers after the appraisement has been filed with him.

The parties stipulated that the plaintiff was in possession of the land for several years prior to the date that the defendant went into possession and that the plaintiff was not a party to the appraisal proceeding and had no notice of it. They further stipulated that Pearl L. Kidder, the plaintiff's former wife, had notice of the proceeding and disclaimed any interest in the improvements. Thus, the question is whether notice to Pearl L. Kidder was sufficient compliance with the statute under the facts and circumstances in this case.

The statute requires that notice be given to "the former lessee." Section 72-241, R. R. S. 1943, provides that an assignment of a school land lease shall not be valid until recorded in the office of the Board of Educational Lands and Funds. The petition alleged that the assignment of the lease to Pearl L. Kidder on May 24, 1948, was duly approved by the board. The parties stipulated that the lease of Pearl L. Kidder was canceled on January 27, 1958.

A report of a pretrial conference in State of Nebraska, Arnold Wright, plaintiffs, v. Milton C. Kidder, defendant,

which was the forcible entry and detainer action referred to in the petition in this action, was received in evidence. The report shows that the parties in that action stipulated that no assignment of the lease from Pearl L. Kidder to the plaintiff had been approved by the Board of Educational Lands and Funds.

The judgment against Milton C. Kidder, who is the plaintiff in this case, in the forcible entry and detainer action was affirmed by this court in State v. Kidder, 173 Neb. 130, 112 N. W. 2d 759. In that case we held that the decree in the divorce action was not binding upon the State and that Milton C. Kidder could not have obtained the approval of the Board of Educational Lands and Funds to the assignment of the lease from Pearl L. Kidder because the assignment was in violation of section 72-232, R. R. S. 1943, which prohibits the leasing of more than 640 acres of school land to one person unless he owns or operates the land on two sides of the school land to be leased. In that case we said: "The State was not a party to the divorce action, and is not bound by the judgment rendered therein. The decree in the divorce action, including the property settlement, while binding on the parties to the action, was in no manner binding on the State or the Board of Educational Lands and Funds. The Board of Educational Lands and Funds was not prevented from carrying out the statutory provisions relative to school lands, leaving the parties to the divorce action such rights and remedies as they may have between themselves. Whatever rights or remedies the parties have in the divorce action, if any, cannot defeat the statutory powers of the Board of Educational Lands and Funds in the leasing of school lands."

The decision in State v. Kidder, *supra*, is controlling in this case. Pearl L. Kidder was the lessee of the land so far as the State of Nebraska and the defendant in this action are concerned. The possession of the plaintiff did not give him any rights in contravention of the statute and he was not "the former lessee" within the mean-

ing of section 72-240.06, R. R. S. 1943.

A motion for summary judgment is properly sustained where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Arla Cattle Co. v. Knight, 174 Neb. 360, 118 N. W. 2d 1. The record in this case shows that there was no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law.

The defendant's motion for summary judgment was properly sustained. The judgment of the district court is correct and it is affirmed.

AFFIRMED.