LILLY JOHNS, APPELLANT, v. ERVIN W. HAASE, INDIVIDUALLY AND DOING BUSINESS AS NORTHEAST LANES, APPELLEE.
VERNON JOHNS, APPELLANT, v. ERVIN W. HAASE, INDIVIDUALLY AND DOING BUSINESS AS NORTHEAST LANES, APPELLEE.
180 N. W. 2d 689

Filed October 30, 1970. Nos. 37578, 37579.

Krause & Howland, for appellants.

Cline, Williams, Wright, Johnson & Oldfather and Alan E. Peterson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Two actions are before us. In one, Lilly Johns sues to recover for injuries sustained by reason of a fall while bowling on an alley at Northeast Lanes. In the second, Vernon Johns seeks to recover for damages sustained by him as the husband of Lilly Johns which resulted from her injury. Defendant's motion for summary judgment was sustained in each of the consolidated cases. We affirm the judgments entered in the district court.

Plaintiffs sought to hold defendant liable on the ground that he was conducting the bowling alley business at the scene of the accident and was negligent in its operation. In support of his motion for summary judgment, defendant introduced his affidavit stating that he was not, and never had been, the owner, operator, proprietor, or manager of Northeast Lanes; that it was owned and operated by Lincoln Enterprises, Inc., a corporation of which he had been secretary-treasurer and which was now dissolved; that the alley manager, chief mechanic, and maintenance supervisor at the time of the accident was one Ray Phipps, an employee of Lincoln Enterprises, Inc.; and that he had nothing to do with the maintenance or surfacing of the alleys and was not present when the accident occurred. Plaintiffs' countershowing consisted only of an affidavit indicating an amusement license for Northeast Lanes was applied for under the name of "Northeast Lanes by Ervin Haase." In response, defendant filed his affidavit to the effect that he applied for the license in his capacity as secretary-treasurer of Lincoln Enterprises, Inc.

The undisputed facts so established clearly show a lack of liability on the part of defendant unless the matter of the amusement license is sufficient to raise a question of fact on the issue. The statutory requirements that one operating a bowling alley must obtain a license and that trade names be registered is referred to. There is no showing that Lincoln Enterprises, Inc., failed to register its trade name "Northeast Lanes" nor that it was registered as a trade name of defendant. The application for a bowling alley license for "Northeast Lanes by Ervin Haase" does not raise an inference that he was the owner or operator of the establishment, but only that he was acting as its agent in obtaining the license. The nature or basis of the agency is not disclosed. As pointed out by the trial court, this is insufficient to support a reasonable inference or conclusion that defendant owned or operated the bowling alley and no question of fact is presented.

Plaintiffs' assertion that defendant's affidavits are conclusionary rather than factual in nature is without merit.

Entry of a summary judgment is proper when only a question of law is presented. See State v. Kidder, 173 Neb. 130, 112 N. W. 2d 759.

The judgments entered by the district court are affirmed.

AFFIRMED.